JOSEPH G. NEAL v. COMMISSIONERS OF BURKE.

*Costs—Insane Person.*

The expenses of carrying to the asylum a prisoner found by the jury to be insane and unable to plead to the indictment, are no part of the costs of the prosecution against him.

APPEAL from a judgment rendered by a justice of the peace heard at Fall Term, 1881, of BURKE Superior Court, before *Seymour, J.*

The following is the case agreed: One Hoke C. Secrest, a citizen of Union county, North Carolina, in passing through Burke county was charged with the murder of his wife and child. A bill of indictment was found against him by the

grand jury of Burke county. Afterwards the case was re-moved to McDowell county for trial, and at the next term of the superior court held for McDowell, the said Hoke C. Secrest was tried and convicted. An appeal was prayed and granted, and a new trial awarded by the supreme court. 80 N. C., 450. When the case was called at the next term for trial, the counsel for the prisoner suggested that on ac-count of insanity their client was unable to know his rights or make a proper defence. His Honor (Judge Shenck) or-dered a jury to be summoned to try the question of insanity. The jury sworn and impaneled to try the issue, for their verdict, said, "the said prisoner, Secrest, is a lunatic." Thereupon his Honor ordered the sheriff of McDowell county to convey the prisoner to the insane asylum and de-liver him to the superintendent at Raleigh, and summon a sufficient guard to insure his safe delivery there. Accord-ingly the sheriff (J. G. Neal, plaintiff,) with a sufficient guard carried the prisoner and delivered him to the superinten-dent.

It is admitted that the sheriff's costs and charges for con-veying the prisoner to Raleigh amounted to the sum of $77.50.

If the court should be of opinion that the board of com-missioners of Burke county are liable for said costs and charges, judgment shall be rendered in favor of plaintiff for the same, otherwise for defendant for costs.

There was a judgment in favor of the plaintiff, and the defendant commissioners appealed.

*Mr. J. M. Gudger*, for plaintiff.
No counsel for defendants.

ASHE, J. If the expenses of carrying the prisoner to the asylum were a part of the costs of the prosecution, the county of Burke would only be liable to pay the plaintiff's claim

upon the acquittal of the prisoner, or upon his conviction and inability to pay the costs, or if a *nolle prosequi* should be entered, or the judgment arrested; and not then until the bill of costs should be "audited, approved and adjudged" according to the requirements of the act of 1879; ch. 264. But this expense incurred by the plaintiff is no p rt of the costs of the prosecution. It is an expense growing out of a police regulation of the state.

The prisoner was sent by order of Judge Shenck to the asylum as an insane person, after having submitted the question of his sanity to a jury, who found him to be insane. This is one of the modes prescribed by the legislature for the removal of insane persons to the asylum. One who is insane and in prison and not charged with a criminal offence, may be sent by the order of the clerk of the superior court; if in jail charged with a criminal offence, he may be removed to the asylum by the order of the presiding judge; and in other cases by the order of three justices. Bat. Rev., ch. 6, §§ 15, 16, 17, and chap. 57, § 9.

It was under the provisions of this last section that the prisoner was removed to the asylum.

The act of 1868, Bat. Rev., ch. 6, as amended by the act of 1879, ch. 264, points out by whom the expenses of the transportation of the prisoner to the asylum are to be paid. But Burke county is in no way responsible for them.

There is error. The defendants must have judgment for the costs.

Error.                                    Reversed.