By consent of the parties, the facts were found by his Honor, and are as follows:
(296) One Beck was born and reared and had always lived in the defendant county, except for short periods, when he went off to work temporarily, and had made a crop in that county the summer before he was hurt, and had never been a county charge. In the fall of the same year he worked a while in Buncombe County and then went to the plaintiff county, where he was hurt by a train so badly that it would have been dangerous to remove him to the poor-house. Neither he nor his mother nor sister had any property. *Page 235 
The chairman of the plaintiff board of commissioners procured a physician and board and nursing at a private house for Beck until he was able to be removed, when the plaintiff board ordered him to be carried to Forsyth County, which was done. The accounts of the doctor and landlord and the railroad ticket were audited by the plaintiff, and their treasurer, under their order, paid the same.
Upon these facts his Honor held that the defendant county was not liable, and rendered judgment against the plaintiff for costs of the action. The law regulating this matter is purely statutory. Code, secs. 3544 and 3545. The legal settlement of the pauper determines the liability in such cases, which settlement is acquired by one year's continuous residence, and continues until lost by acquiring a new one. The question was considered and decided by this Court in Comrs. v. Comrs., 101 N.C. 520.
Upon the principle of that case, the plaintiff in this case is entitled to recover on the record before us.
Reversed.
(297)