CURRIE v. RAILROAD CO.

(Filed May 24, 1904).

1. PENALTIES—*Statutes—The Code, sec. 1964—Acts 1903, ch. 444—Interstate Commerce—Pleadings—Carriers.*

　In an action for a penalty, the statute allowing the same being a public one need not be pleaded.

2. CARRIERS—*Penalties—Pleadings—Tender.*

　In an action for a penalty, the complaint alleging the tender on a specified day, and that the defendant on the two following days "failed and refused to receive the same," is a sufficient allegation of tender for the last two days.

3. INTERSTATE COMMERCE—*Penalties—Carriers.*

　Where a car of lumber tendered to a railroad company for transportation was found to have been properly loaded, the carrier was liable for the penalty for refusal to receive the same for transportation, notwithstanding the car was to be shipped out of the state.

ACTION by J. L. Currie and others against the Raleigh and Augusta Air Line Railroad Company, heard by *Judge C. M. Cooke* and a jury, at September Term, 1903, of the Superior Court of MOORE County. From a judgment for the plaintiff the defendant appealed.

*J. D. McIver* and *H. F. Seawell,* for the plaintiff.
*John D. Shaw,* for the defendant.

CLARK, C. J.   This is an action for the penalty (fifty dollars per day) incurred under The Code, section 1964, as amended by chapter 444, Laws 1903, for refusal by the defendant to receive for transportation a car-load of lumber, tendered May 7, 1903, and which remained unshipped the two succeeding days, May 8th and 9th.

The defendant moved to dismiss because the complaint did not state a cause of action.   This is predicated, we understand, upon the ground that the statute giving the penalty was not pleaded, and that a renewal of the tender on the 8th and again on the 9th of May was not specifically alleged.   Being a public statute, it was not requisite to plead it.   It is enough to set out the facts.   *Comrs. v. Comrs.,* 101 N. C., 520. The complaint alleged a tender, at the defendant's regular depot at Cameron, N. C., on May 7, 1903, and that "the defendant for two successive days, to-wit, on 8th and 9th of May, 1903, failed and refused to receive the same."   The answer admits this averment to be true, and avers that the defendant refused to receive said car-load of lumber for transportation because that, when tendered, it was not in proper condition for transportation, but was loaded contrary to the rules of the defendant company, of which the plaintiff had notice, and as loaded was at the time of said tender in unsafe and dangerous condition, and in such condition as to insure its rejection by connecting lines when tendered.   There was sufficient averment of tender, and if any defect therein it was cured by the answer.   The penalty is "Fifty dollars for each day said company refuses to receive said shipment," which refusal is admitted in the answer.   There was conflicting evidence as to whether the car of lumber was "properly loaded and

CURRIE *v.* RAILROAD CO.

safely secured for its transportation," which issue was found by the jury in favor of the plaintiff.

The only point in the defendant's brief necessary to be considered is the refusal to instruct the jury that, upon all the evidence, the plaintiff is not entitled to recover. This is placed upon the ground that the car being tendered for transportation to Pittsburg, Pa., "the imposition by the State of a penalty for refusing to receive the car because not loaded in such a manner as to be received by connecting carriers, was an interference with interstate commerce." There was an issue tendered by the defendant to that effect, and the jury found upon the issues submitted that the car "was properly loaded and safely secured for its transportation to Pittsburg, Pa." That in such case the State can impose a penalty for refusal to receive, or delay in beginning the shipment, is fully discussed and decided in *Bagg v. Railroad,* 109 N. C., 279, 26 Am. St. Rep., 569, 14 L. R. A., 596, and the defendant offers us no good reason and no precedent to the contrary.

There were other exceptions taken, but they are without merit or are not set up in the defendant's brief. *State v. Register,* 133 N. C., 746.

No Error.