## TWITTY v. SOUTHERN RAILWAY CO.

(Filed May 16, 1906).

*Carriers—Freight—Refusal to Receive for Transportation—Penalties.*

In an action to recover the penalties alleged to have been incurred under Revisal, section 2631, for refusing to receive freight for transportation, where the plaintiff delivered freight for shipment at the defendant's station on January 27, and tendered the charges, and the agent received the freight for storage, but refused to give a bill of lading because he did not know the freight rates, and kept the freight until February 8, *held,* that there was a refusal "to receive for transportation" and the action is brought under the proper statute.

ACTION by R. M. Twitty against Southern Railway Co., heard by *Judge O. H. Allen,* at the February Term, 1906,

of the Superior Court of RUTHERFORD, upon the following agreed facts:

1. This was an action instituted by plaintiff in the court of H. S. Taylor, justice of the peace in Rutherfordton, N. C., on the 31st day of January, 1905, for the recovery of four days' penalties at fifty dollars per day, aggregating $200.00, under the provisions of section 1964 of The Code (section 2631 of the Revisal of 1905).

2. That on the 27th day of January, 1905, plaintiff sent one thousand pounds of cotton seed meal to the agent of Southern Railway Company (defendant) at its regular depot or station at Rutherfordton, N. C., together with the correct amount of money to prepay the freight upon said 1,000 pounds of cotton seed meal to its destination, and plaintiff tendered said cotton seed meal for shipment to Rev. J. Seagle, at Hendersonville, N. C., also a regular depot or railway station or shipping point on the line of the defendant railway company within this State, and with the tender of said freight for shipment plaintiff also tendered the money to prepay the said shipment of freight from Rutherfordton to Hendersonville.

3. That some few days prior to the date of tender of said freight for shipment plaintiff had ascertained from the agent of the defendant railway company at Rutherfordton, who was C. T. Hamrick, the exact amount of money necessary to prepay freight shipment, but after plaintiff had received this information from defendant's agent, Hamrick, defendant transferred said Hamrick to another station or depot on the line of its railway, to-wit, Henrietta, and one C. W. Kitchens was sent by defendant to take the place of the said C. T. Hamrick as agent of the defendant company at Rutherfordton.

4. That when plaintiff delivered the 1,000 pounds of cotton seed meal for shipment as stated above, and tendered the money to prepay the freight upon the cotton seed meal to Hendersonville, the agent of defendant railway company, the

said C. W. Kitchens, who had but recently assumed the position of agent, refused to accept the money tendered to prepay freight and stated to the drayman who brought the 1,000 pounds of cotton seed meal to defendant's depot that he did not have the time then to look up the freight rates and that the drayman could leave the seed meal in the defendant's warehouse, and when he (the defendant's agent) had ascertained the freight, he would be ready to make the shipment; but defendant's agent gave plaintiff no receipt and no bill of lading for said cotton seed meal and did not offer to ship the cotton seed meal until February 8, 1905.

5. That daily plaintiff called defendant's agent and requested that the cotton seed meal be received for shipment, but each time defendant's agent, Kitchens, informed plaintiff that he was too busy with other work to ascertain the freight rates.

6. The said cotton seed meal remained at the defendant's warehouse until February 8, 1905, when defendant's agent informed plaintiff that he was ready to make the shipment, received from plaintiff the amount of money necessary to prepay the freight and shipped the cotton seed meal as originally requested.

His Honor gave judgment for $200, being the penalty for four days and being the full amount claimed, and the defendant appealed.

*Sol. Gallert* for the plaintiff.
*Geo. F. Bason* for the defendant.

BROWN, J.   The defendant admits its liability for negligence in the brief filed, in these words: "The defendant has never pretended that it is not liable to a penalty and does not now make any such contention." The defendant contends that the suit was brought under the wrong statute, admitting that it is liable for the penalties denounced in section 2632.

It is contended that there was no refusal to receive the freight for shipment.

We are of opinion upon the facts agreed that there was a refusal by the agent "to receive for transportation when tendered." It was the duty of the agent to receive the freight and give a bill of lading for it. That is a "receiving for transportation." The agent received the freight for storage on January 27 and kept it until February 8, but under a fair interpretation, that is not a compliance with the statute. The fact that the agent did not know the freight rates is no excuse. It is his duty to know them. At least he could readily have telegraphed and ascertained, and need not have refused to give a bill of lading on that account.

We think under the authorities and the facts agreed the suit is brought under the proper statute. *Carter v. Railroad,* 129 N. C., 213; *Currie v. R. Co.,* 135 N. C., 535.

Affirmed.