W. W. KEMP v. NORFOLK SOUTHERN RAILROAD COMPANY.

(Filed 27 October, 1915.)

**1. Railroads—Negligence—Fires—Presumptions—Evidence—Trials—Nonsuit.**

The application of the doctrine that where a railroad company has set out fire, causing damage to another, there is a presumption of negligence on its part, requires that there should be evidence that the railroad company set out the fire; and where the evidence tends only to show that the defendant's depot caught fire during the night, which was communicated to the plaintiff's building and destroyed it, a judgment as of nonsuit upon the evidence is properly allowed.

**2. Railroads—Negligence—Evidence—Cordwood—Fires.**

Cordwood is a recognized and necessary commodity, with no extra hazards in its transportation or shipment; and a railroad being compelled to receive it when tendered for shipment, under a statutory penalty (Revisal, section 2631), and as it is impracticable to store it in a warehouse, it affords no evidence of negligence in communicating fire to plaintiff's building, when properly piled on the right of way, awaiting cars for shipment, in the absence of evidence that the place at which it was piled was an improper one, and it is not shown that the defendant had originally set out the fire or was responsible for it.

APPEAL by plaintiff from *Daniels, J.,* at the June Term, 1915, of WAKE.

Action to recover damages for negligently burning two buildings, the property of the plaintiff, situate on land adjoining the defendant's right of way.

The plaintiff admitted that he could not prove that the fire was set out by the defendant or that it originated from sparks emitted by the defendant's engine. The evidence tended to prove that the depot of the defendant caught fire after midnight, and it was not shown whether the fire originated in the depot building or on the top of it; that the burning of the depot building set fire to a box car on a side-track and the fire was then communicated to three or four carloads of dry pine wood placed on the railroad yard for shipment in which there was mixed a little dry oak, and that the fire was thence communicated to the buildings of the plaintiff; that the wood had been delivered to the defendant for shipment and had not been shipped because of a car shortage, and that the agent had been using his best efforts to secure cars; that the usual place for delivering wood was further from the plaintiff's houses, but that the wood was not placed there because that place was filled with other freight; that the wood had remained on the right of way for about five weeks.

At the conclusion of the evidence his Honor entered judgment of nonsuit upon the motion of the defendant, and the plaintiff excepted and appealed.

*Robert C. Strong for plaintiff.*
*R. N. Simms for defendant.*

ALLEN, J. The authorities, beginning with *Ellis v. R. R.,* 24 N. C., 138, and running through a long line of cases which are cited in *Currie v. R. R.,* 156 N. C., 422; *Kornegay v. R. R.,* 154 N. C., 389, and *Hardy v. Lumber Co.,* 160 N. C., 116, fully establish the proposition that where it is shown that the railroad company has set out fire which causes damage to another, that there arises a presumption of negligence, nothing else appearing. This principle has, however, no application here, because there is no evidence that the defendant set out the fire which was finally communicated to the property of the plaintiff.

It was admitted by the plaintiff upon the trial in the Superior Court that he could not prove the origin of the fire, and there is no evidence in the record that any engine of the defendant ever passed the point where the fire originated, unless it may be inferred from the circumstances that the defendant was maintaining a depot building and a railroad track. The plaintiff must, therefore, recover, if at all, upon the theory that although the fire was accidental, it was negligence on the part of

the defendant to permit cordwood to remain on its right of way, and that the communication of the fire from the wood to his property was the cause of his damage. The wood was ordinary seasoned pine and was piled in the usual way. It had been delivered for shipment and was left on the right of way until cars could be procured. The defendant was compelled to receive the wood when tendered, under a penalty for refusing to do so (Rev., sec. 2631; *Currie v. R. R.,* 135 N. C., 535), and as it was impracticable to store it in its warehouse, it could only place it on its right of way. If it had gone out of the right of way without permission it would have been a trespasser.

We have, then, a case in which there is no evidence that the defendant set out the fire, and the only negligence relied on is permitting wood to remain on the right of way, and as wood is a recognized and necessary commodity, with no extra hazards in its transportation or shipment, and as the defendant was compelled to receive it and could only store it on its right of way, in the absence of evidence that the wood was placed at an improper place or improperly piled, we must hold there is no evidence of negligence. As the fire originated accidentally, there is no difference in principle between this and the case of the private citizen who buys his winter's wood and stores it on his lot near his neighbor's house.

The case of *Insurance Co. v. R. R.,* 132 N. C., 78, is easily distinguishable from this in that there was evidence in that case that the defendant set out the fire and that it permitted cotton to remain on its platform near its track with the bagging off and the upper end of the bales with the lint bulged out and exposed to fire from the passing engines.

We are of opinion that judgment of nonsuit was properly entered.

Affirmed.