THE STATE v. LOUIS LACHMAN.

*Jurisdiction—Justices of the Peace.*

Where, upon the return of a warrant charging an offence of which a justice of the peace had exclusive jurisdiction, the record showed that the defendant waived a trial, and thereupon it was adjudged that he enter into bond for his appearance at the next term of the Superior Court, and at said term the record showed that " upon the foregoing warrant and appeal the case came on to be tried," the defendant pleaded not guilty, a verdict and judgment thereon against him ; *Held,* that the Superier Court had not the acquired jurisdiction.

(*State* v. *Wilson,* Phil., 237, cited).

CRIMINAL ACTION, tried before *Merrimon, Judge,* at Fall Term, 1887, of JOHNSTON Superior Court.

On the 10th day of May, 1887, D. W. Fuller made oath before C. W. Edgerton, a justice of the peace for the county of Johnston, that in said county, " on or about the 10th day of May, 1887, Louis Lachman did, contrary to law, offer for sale, on the streets of Smithfield, to the highest bidder, mer-

chandise as a 'Cheap John' merchant, contrary to the statute," &c.

Upon this affidavit a warrant was issued by the said justice of the peace on the same day for the arrest of the said Lachman, and commanding that he be brought before the said justice of the peace, or "some magistrate of said county immediately, to answer the above complaint, and be dealt with as the law directs."

This warrant was returned "executed" on the 10th of May, 1887, whereupon the following entry was made on the back thereof:

"The defendant, Louis Lachman, waives a trial, and thereupon it is adjudged that he enter into a bond in the sum of two hundred dollars, for his appearance at the next term of the Superior Court, to be held at the court-house in Smithfield, on the 3d Monday before the 1st Monday in September, 1887."

This was dated 10th May, 1887, and signed by the justice of the peace.

The case came on at next term of the Superior Court, and the record sets out that:

"Upon the foregoing warrant and appeal the case came on for trial, * * * * * when the defendant, Louis Lachman, by his attorney, plead not guilty. Whereupon the following jurors (naming them), being chosen, &c. * * * * for their verdict, say that they find the defendant guilty."

Upon this verdict there was a judgment, from which the defendant appealed.

*The Attorney General,* for the State.
No counsel for the defendant.

DAVIS, J., (after stating the case). The evidence is set out in the case stated, but it is apparent upon the record that

the Superior Court did not have jurisdiction, and the judgment must be arrested.

The prosecution was intended to punish for a violation of Chapter 135, section 23, of the Acts of 1887, which, among other things, imposes a tax of fifty dollars on itinerant salesmen, commonly known as "Cheap John" merchants, and requires a license to be obtained by them before selling. Section 35 of the act makes it a misdemeanor for such persons to sell merchandise without first paying the tax and obtaining the license, punishable "by a fine not exceeding $50, or imprisonment not exceeding thirty days." It also subjects them to a penalty of $50, which penalty it is the duty of the Sheriff to cause to be recovered.

The punishment imposed, not exceeding a fine of $50, or imprisonment for thirty days, the justice of the peace, under §892 of *The Code*, had exclusive original jurisdiction within six months. There was no trial had before the magistrate, and no judgment, and consequently there could be no appeal, by which alone the appellate Court could acquire jurisdiction. The justice of the peace seems only to have exercised his functions as a committing magistrate, and required the defendant to enter into bond for his appearance to answer in the Superior Court, and this seems to have been treated as an appeal. There was no bill of indictment found by a grand jury.

This was erroneous. It is a criminal prosecution, and though no exception has been filed, nor any motion made to correct the judgment, it is nevertheless our duty to examine the record, and see if there is any error in it. *State* v. *Wilson*, Phil. Law, 237.

There is error, and the judgment must be arrested.

Error.