ESSEX INVESTMENT COMPANY, Successor to STATE PLANTERS COMPANY, a Corporation, v. J. H. PICKELSIMER.

(Filed 14 October, 1936.)

1. **Courts B e—General county court has no further jurisdiction of a case after its judgment therein is docketed in the Superior Court.**

   When the judgment of a general county court is docketed in the Superior Court of the county it becomes a judgment of the Superior Court in like manner as transcripted judgments of justices of the peace, C. S., 1517, and the general county court has no further jurisdiction of the case, and may not thereafter hear a motion for the appointment of a receiver for the judgment debtor. N. C. Code, 860, 1608 (dd).

2. **Courts B b—General county court held without jurisdiction to appoint receiver for judgment debtor whose property is situate outside the county.**

   The jurisdiction of a general county court is statutory, and it has no extraterritorial jurisdiction except that expressly given within the limitations of the Constitution, and the general county court of Buncombe County *is held* without jurisdiction to appoint a receiver for a judgment debtor having property in another county against whom judgment is rendered in the county court, the statute, C. S., 1608 (n), giving no power to appoint a receiver, and the authority therein given to issue temporary and permanent restraining orders concurrent with the Superior Court, C. S., 851, 859, being limited to actions in Buncombe County, and the authority to issue "process" given by C. S., 1608 (t), being limited ordinarily to summons to compel appearance in court, and C. S., 669, 711, being construed *in pari materia* with the other statutes relating to the same matter.

APPEAL by defendant from *McElroy, J.,* at March Civil Term, 1936, of BUNCOMBE. Reversed.

The plaintiff in the general county court of Buncombe County, N. C., on 2 May, 1932, recovered judgment against defendant in the sum of $7,500.00, with interest, from 20 March, 1931, and cost of action. This judgment of the general county court was transcripted to the judgment rolls of Buncombe County on 5 May, 1932. The defendant had an interest in certain real estate and owned certain personal property in Transylvania County, N. C. Upon petition of plaintiff on 25 November, 1935, duly verified, to the judge of the general county court of Buncombe County, N. C., setting forth certain facts prayed that some "discreet and proper person be appointed as receiver of the defendant J. H. Pickelsimer, and that he be authorized and empowered to take over all the assets of whatsoever nature of the said defendant, and that he liquidate and handle the same in accordance with the further orders of this court." A temporary receiver was appointed on 4 December, 1935, by said judge of the general county court.

The defendant answered said petition and for a further answer said, in part: "This defendant is a citizen of Transylvania County and all the property of any kind, which he owns is now situated in Transylvania County, and that he owns no property of any kind situated in Buncombe County, the county in which this action is instituted; that Transylvania County is in the Eighteenth Judicial District, while Buncombe County is in the Nineteenth Judicial District, and that this court has no jurisdiction or authority to appoint a receiver for property lying in another judicial district, and in another county, from which this court is organized and existing. Wherefore, the defendant prays the court that the temporary receiver heretofore appointed be dismissed, that the motion for a permanent receiver be disallowed, and that the defendant have and recover his costs incurred and that he recover of the plaintiff and his bond such damages as he may be entitled to by reason of the appointment of the temporary receiver herein."

On 9 January, 1936, the judge of the general county court for Buncombe County, N. C., appointed a permanent receiver. The defendant excepted and assigned error as follows: "1. That the judge of the general county court erred in entering the order appointing a temporary receiver in this cause. 2. That the court erred in signing the order making the temporary receiver permanent," and appealed to the Superior Court.

The court below, at March Civil Term, 1936, overruled the defendant's exceptions and assignments of error and affirmed in all respects the judgment of the judge of the general county court. Defendant excepted, assigned as error "the action of the Superior Court in affirming the

judgment of the general county court, and entering the judgment as appears in the record," and appealed to the Supreme Court.

*Harkins, Van Winkle & Walton for plaintiffs.*
*Jones & Ward and Lewis Hamlin for defendant.*

CLARKSON, J.   We think that the only questions necessary for us to decide on this record are: (1) Does the general county court of Buncombe County, N. C., have authority under the facts in this case to appoint a receiver?   We think not.   (2) When the judgment was transcripted and docketed in the Superior Court, was the general county court *functus officio?*   We think so.

The constitutionality of the general county court of Buncombe County, N. C., has been before this Court before.   *Jones v. Oil Co.,* 202 N. C., 328.   In the *Jones case, supra,* at p. 332, it is said: "The Superior Court is a constitutional court; it cannot be abolished; its inherent powers cannot be destroyed.   *Mott v. Commissioners,* 126 N. C., 866; *State v. Baskerville,* 141 N. C., 811.   The General Assembly cannot displace it from its position in the judicial system or establish another court of equal jurisdiction upon a plan different from that provided by the Constitution.   *Rhyne v. Lipscombe,* 122 N. C., 650; *Tate v. Commissioners, ibid,* 661.   But an allotment or division of jurisdiction is within the contemplation of Article IV, sec. 12.   The Legislature may therefore allot inferior courts a portion of the jurisdiction of the Superior Court, providing also for the right of appeal."   N. C. Pleading & Practice, secs. 53, 54; *Albertson v. Albertson,* 207 N. C., 547.

N. C. Code, 1935 (Michie), sec. 860, is as follows: "A receiver may be appointed: (3) After judgment, to dispose of the property according to the judgment, or to preserve it during the pendency of an appeal, or when an execution has been returned unsatisfied, and the judgment debtor refuses to apply his property in satisfaction of the judgment."

Section 1608 (dd), is as follows: "Orders to stay execution on judgments entered in the general county court shall be the same as in appeals from the Superior Court to the Supreme Court.   Judgments of the general county court may be enforced by execution issued by the clerk thereof, returnable within twenty days.   Transcripts of such judgments may be docketed in the Superior Court as now provided for judgments of justices of the peace, *and the judgment when docketed shall in all respects be a judgment of the Superior Court in the same manner and to the same extent as if rendered by the Superior Court, and shall be subject to the same statutes of limitations and the statutes relating to the revival of judgments in the Superior Court and issuing executions thereon."*   (Italics ours.)

Section 1517 is as follows: "A justice of the peace, on the demand of a party in whose favor he has rendered a judgment, shall give a transcript thereof which may be filed and docketed in the office of the Superior Court clerk of the county where the judgment was rendered. And in such case he shall also deliver to the party against whom such judgment was rendered, or his attorney, a transcript of any stay of execution issued, or which may thereafter be issued by him on such judgment, which may be in like manner filed and docketed in the office of the clerk of such court. The time of the receipt of the transcript by the clerk shall be noted thereon and entered on the docket; *and from that time the judgment shall be a judgment of the Superior Court in all respects for the purposes of lien and execution.* The execution thereon shall be issued by the clerk of the Superior Court to the sheriff of the county, and shall have the same effect, and be executed in the same manner, as other executions of the Superior Court; but in case a stay of execution upon such judgment shall be granted, as provided by law, execution shall not be issued thereon by the clerk of the Superior Court until the expiration of such stay. A certified transcript of such judgment may be filed and docketed in the Superior Court clerk's office of any other county, and with like effect, in every respect, as in the county where the judgment was rendered, except that it shall be a lien only from the time of filing and docketing such transcript." (Italics ours.)

When the judgment was docketed in the Superior Court, the general county court was *functus officio* and had no further jurisdiction of the case. *Bailey v. Hester,* 101 N. C., 538; *State v. Goff,* 205 N. C., 545.

A judgment of a justice of the peace, duly docketed in the Superior Court, becomes a judgment of the Superior Court, and may be enforced by execution at any time within ten years from the date of such docketing. *McIlhenny v. Wilmington Sav., etc., Co.,* 108 N. C., 311.

C. S., 614, makes the judgment when docketed a lien on real property in the county where docketed and on the real property in the counties where it is transcripted. A judgment rendered in one county cannot be docketed in another without having been first docketed in the county where it was rendered. *McAden v. Banister,* 63 N. C., 479.

C. S., 1608 (t), in part, is as follows: "The rules of procedure, issuing process and filing pleadings shall conform as nearly as may be to the practice in the Superior Court. . . . All causes pending in said courts shall have rights, privileges, powers, and immunities similar in all respects to those conferred by law on the judges and clerks of the Superior Courts of the State, and shall be subject to similar duties and liabilities: *Provided,* that this section shall not extend the jurisdiction of said judges and clerks, nor infringe in any manner upon the jurisdiction of the Superior Courts," etc.

As this is a general county court, we think the word *process* is limited ordinarily to summons, etc., to compel a defendant in an action to appear in court. The jurisdiction of the general county court is set forth in C. S., 1608 (n), as follows: "The jurisdiction of the general county court in civil actions shall be as follows: (1) Jurisdiction concurrent with that of the justices of the peace of the county; (2) jurisdiction concurrent with the Superior Court in all actions founded on contract; (3) jurisdiction concurrent with the Superior Court in all actions not founded upon contract; (4) jurisdiction concurrent with the Superior Court in all actions to try title to lands and to prevent trespass thereon and to restrain waste thereof; (5) jurisdiction concurrent with the Superior Court in all actions pending in said court to issue and grant temporary and permanent restraining orders and injunctions; (6) jurisdiction concurrent with the Superior Court of all actions and proceedings for divorce and alimony, or either."

The general county court is a statutory one and is limited to Buncombe County, and has no extraterritorial jurisdiction, except what is expressly given it and then subject to constitutional limitations. Nowhere in the statute is any power given it to appoint a receiver, as was done in this action. Temporary and permanent restraining orders and injunctions are limited to actions in Buncombe County.

The Superior Court, a court of general jurisdiction, has these extraterritorial powers. Any other view than the one we take might impinge the inherent powers of the Superior Court and seriously effect a useful general county court.

C. S., 851, is as follows: "The judges of the Superior Court have jurisdiction to grant injunctions and issue restraining orders in all civil actions and proceedings. A judge holding a special term in any county may grant an injunction, or issue a restraining order, returnable before himself, in any case which he has jurisdiction to hear and determine under the commission issued to him, and the same is returnable as directed in the order."

C. S., 859, is as follows: "Any judge of the Superior Court with authority to grant restraining orders and injunctions has like jurisdiction in appointing receivers, and all motions to show cause are returnable as is provided for injunctions."

The sections, C. S., 669, and C. S., 711, referred to by plaintiffs, must be construed *in pari materia* with the other sections before set forth.

We think the judgment of the court below erroneous in two respects: (1) When the judgment was docketed in the Superior Court it was subject to the jurisdiction of that court in like manner as justice's judg-

18—210

ment when transcripted. (2) It has no jurisdiction to appoint a receiver as was done in this action.

For the reasons given, the judgment of the court below is
Reversed.