Civil action for subsistence without divorce, under C. S., 1667.
Plaintiff moved in the Superior Court for an order for defendant to appear and show cause why he should not be adjudged in contempt of *Page 17 
court for failure to comply with judgment and orders theretofore entered in General County Court of Buncombe County, requiring him to pay reasonable subsistence to plaintiff and her children, and for an order increasing the amount of subsistence, and for attorney's fees.
On 20 February, 1941, defendant filed special appearance and demurred to the jurisdiction of the Superior Court upon the ground that the action tried in the General County Court came to the Superior Court upon an omnibus order signed by the judge of the General County Court on the last day of its existence, transferring all pending civil actions to the Superior Court — the defendant contending that the transfer was without notice to or consent of the parties and was not in compliance with provision of law for transfer of cases from General County Court to Superior Court.
The trial court finds facts substantially these: This action, having been commenced in the Superior Court of Buncombe County on 23 June, 1933, was by consent transferred to the General County Court of said county on 30 June, 1933. Thereafter, on 15 December, 1933, upon verdict favorable to plaintiff, judgment was rendered in said County Court ordering and requiring defendant to pay certain amount twice each month at stated time, after said date, for the benefit of plaintiff and her children, and a further amount on counsel fees allowed.
A transcript of this judgment was duly docketed in the office of the clerk of Superior Court on 18 December, 1933.
Thereafter, on 10 January, 1936, order was entered in the General County Court reducing the amount of monthly allowance.
Defendant complied with the orders in this cause up to 15 February, 1941, but failed to make payment on that date and all subsequent payments.
The board of county commissioners of Buncombe County having theretofore adopted a resolution abolishing the General County Court as of 1 January, 1941, the judge of the General County Court, pursuant to previous notice given in a meeting of the Buncombe County Bar, entered a general order on 31 December, 1940, transferring to the Superior Court all civil cases then pending in said General County Court. Thereafter, the General Assembly of North Carolina, at the 1941 session, passed an act entitled, "An Act relating to the transfer of civil and criminal cases from the General County Court of Buncombe County to the Superior Court of Buncombe," effective from and after its ratification, 21 February, 1941. Public-Local Laws 1941, ch. 69.
Upon such findings of fact, the judge of Superior Court being of opinion that the judgment entered upon verdict of the General County Court of Buncombe County, transcripted to and recorded in the office of the clerk of Superior Court, is a valid and binding judgment, and *Page 18 
enforceable under the laws of this State, overruled and dismissed the special appearance, demurrer and motion to dismiss of the defendant. The judge further ordered that defendant appear on a date named and show cause why there should not be entered an order directing him to pay to plaintiff the amounts heretofore fixed by the court, or such an amount as to the court may seem just and proper in this cause.
Defendant objects and excepts, and appeals to Supreme Court and assigns error.
Upon the facts found, does the Superior Court of Buncombe County have jurisdiction of this cause of action? An affirmative answer is found in section 19 of chapter 216, Public Laws 1923; section 1608 (dd) of 1924 Consolidated Statutes of North Carolina. There, referring to judgment of general county courts, it is provided that: ". . . transcripts of such judgments may be docketed in the Superior Court as now provided for judgments of justices of the peace, and the judgment when docketed shall in all respects be a judgment of the Superior Court in the same manner and to the same extent as if rendered by the Superior Court . . ." Therefore, when the judgment of the General County Court was docketed in Superior Court, it became a judgment of the Superior Court, and within its jurisdiction. SeeInvestment Co. v. Pickelsimer, 210 N.C. 541, 187 S.E. 813.
In the light of the above, it is unnecessary to consider whether either the order of the judge of the General County Court or the act of the Legislature be sufficient to effect the transfer from the General County Court to the Superior Court.
The judgment below is
Affirmed.