ROBERT REHM v. RUTH BRINK REHM

No. 68SC113

(Filed 18 September 1968)

1. **Divorce and Alimony § 22— custody and support of children — jurisdiction of court**

   Where the consent judgment affecting custody and child support is entered in husband's action for divorce instituted in the general county court, that court retains jurisdiction of the children and the parents so as to hear the wife's petition seeking exclusive custody and support of the minor son of the parties, even though the consent judgment is docketed in the Superior Court.

2. **Execution § 3— issuance of execution on general county court judgment**

   The holder of a money judgment obtained in a general county court has alternate routes for collection: (1) he may have execution issue from the general county court or (2) he may have his judgment transcripted to Superior Court, as is provided for judgments of justice of the peace, where it is to be a judgment of the Superior Court in all respects for the purpose of lien and execution. G.S. 7-296, G.S. 7-166.

3. **Divorce and Alimony § 22— custody and child support — jurisdiction of general county court — effect of G.S. 7-296**

   The statute, G.S. 7-296, which provides that a general county court judgment docketed in the Superior Court is to be a judgment of the Superior Court in all respects for purposes of lien and execution, was not intended by the Legislature to oust the jurisdiction of the general county court in custody and child support matters where the judgment settling custody and support was docketed in the Superior Court as a matter of custom and convenience.

4. **Divorce and Alimony § 22; Parent and Child § 7— child custody and support — jurisdiction of court — bigamous marriage**

   Plaintiff husband's contention that general county court was without jurisdiction to order him to make support payments to his children since the marriage between him and his wife was bigamous and therefore void

*ab initio is held* a question not presented for review by the record in this case; in any event, plaintiff's obligation to support his children cannot be questioned, since G.S. 50-11.1 provides that a child born of a bigamous marriage is legitimate notwithstanding annulment of the marriage.

APPEAL by plaintiff from *McLean, J.,* January 1968 Session, BUN-COMBE Superior Court.

This action was originally begun by plaintiff Robert Rehm in February 1961 as a divorce action in the General County Court of Buncombe County. Defendant in that action, Ruth Brink Rehm, filed an answer, cross action and counterclaim for alimony without divorce and plaintiff filed a reply. In that action, consent judgment was entered on 22 September 1961 finding as a fact that the parties were married on 15 June 1946. The judgment provided that Robert Rehm was to have sole and exclusive custody of Charles Patrick Rehm, minor son of the parties, and Ruth Brink Rehm was to have sole and exclusive custody of Carolyn Sue Rehm, minor daughter of the parties. It set out visitation rights of each party with respect to the child in the custody of the other. Robert Rehm was ordered to pay to Ruth Brink Rehm $375.00 per month until January 1973, when the monthly payments are to be reduced to $250.00 until her death or remarriage; provided, that if Ruth Rehm should remarry prior to January 1973, the monthly payments would be reduced to $150.00 from the remarriage to January 1973 and then terminate. Plaintiff was further to furnish such college or higher education as the children might desire and to keep in force certain insurance policies with the children as beneficiaries, in addition to carrying them as beneficiaries in any hospital or medical expense policy he might effect. Other property rights were settled, and the judgment specifically provided that its terms and provisions should survive a final divorce obtained by either party and that failure of either party to comply would subject such party to such penalty as may be required by the court as in case of contempt of court. The judgment was signed by both parties *in propria persona* and docketed in the Superior Court of Buncombe County. Thereafter the pleadings and all affidavits in the action were expunged from the record and sealed. On 4 May 1965, Ruth Rehm filed a petition in the original action alleging that on 13 October 1964 Robert Rehm, on four hours' notice, sent Charles Patrick Rehm to her, and she accepted his custody on Robert Rehm's promise to pay an additional $100.00 per month for his support and maintenance; that he had completely and wholly failed to keep his promise although she had repeatedly requested him to do so; that she had accepted the care, custody and control of the child but without assistance from Robert Rehm and

it has placed a heavy financial burden upon her. She asked that she be granted exclusive custody, care and control of Charles Patrick Rehm and reasonable child support for him from 13 October 1964. On 3 June 1965, Robert Rehm filed demurrer alleging that the General County Court is without jurisdiction because the consent judgment was docketed in the Superior Court. At the hearing of the matter on 28 March 1967, Robert Rehm tendered judgment sustaining the demurrer and dismissing the petition. From the refusal of the court to sign the judgment, plaintiff appealed to the Superior Court.

After the hearing, plaintiff tendered the following judgment:

"THIS CAUSE coming on to be heard and being heard, and during the course of the examination of the Defendant, IT APPEARS that the Defendant identified a letter dated 15 April, 1946, directed to J. W. Ehrlich, and signed by the Defendant, 'Ruth B. Hanson'; and,

IT FURTHER APPEARING that the said Defendant identified and admitted that she and the Plaintiff went through a marriage ceremony in the City of Montreal, Province of Quebec, Dominion of Canada, on the 15th day of June, 1946, copies of which said letter and marriage certificate are hereto attached and identified as Exhibits P-2 and P-3.

FROM THE FOREGOING, the Court concludes as a matter of law that the Plaintiff was, at the time of his alleged marriage to the Defendant, married and had a living wife from whom he was not divorced; and, that the said Defendant was fully aware of the impediment existing at the time she and the Plaintiff made application for a marriage license in the Dominion of Canada, as hereinbefore set forth, and at the time the marriage ceremony was solemnized. The Court further concludes that the alleged marriage between the Plaintiff and the Defendant was void ab initio, and that said alleged marriage was absolutely null and void.

IT IS, THEREFORE, CONSIDERED, ORDERED AND ADJUDGED that the Defendant's Petitions: (a) for the Plaintiff to show cause why he should not be held in contempt of Court, and (b) for child support and custody, be, and the same are hereby, dismissed. Entered nunc pro tunc this 28th day of March, 1967, as of 13 June, 1966."

This judgment was also refused and plaintiff appealed to the Superior Court.

The court entered judgment finding facts as to plaintiff's income from his profession as a Staff Physician at Oteen Hospital and his expenses; defendant's income from her employment and her expenses; that plaintiff had voluntarily decreased his payments to defendant; that plaintiff had promised to send $100.00 per month for the support of his son; that plaintiff had moved for dismissal for that the court was without jurisdiction which was overruled and plaintiff objected and excepted; that the minor daughter of the parties had lived with defendant since the consent judgment of 1961; that the minor son is not emancipated, is 18 years of age, and desires to live with his mother; that both parties are fit and proper persons to have the care and control of the minor son. The court ordered that the general care and custody of the minor son be in the defendant and that plaintiff pay $60.00 per month for his support and that "any and all provisions of all orders heretofore entered which are not modified by this order shall remain in full force and effect." From the entry of the order plaintiff excepted and appealed to the Superior Court. The Superior Court overruled plaintiff's assignments of error and affirmed the judgment of the General County Court. Plaintiff appealed to this Court assigning as error the entry of the judgment for that the General County Court had no jurisdiction of defendant's motion for that (1) the consent judgment had been docketed in the Superior Court, and (2) an impediment existed; to wit: at the time of the purported marriage between the parties plaintiff had a living wife from whom he had not been divorced.

*Richard Ford and Lee & Allen by H. Kenneth Lee for plaintiff respondent appellant.*

*Gudger and Erwin by Samuel J. Crow for defendant petitioner appellee.*

MORRIS, J.

[1] Plaintiff respondent first contends that the General County Court of Buncombe County was without jurisdiction to hear defendant petitioner's motion with respect to custody and support of the minor son of the parties, and the judgment entered by Judge Willson should be vacated. We do not agree.

Plaintiff respondent calls the Court's attention to a portion of G.S. 7-296. This statute provides that:

"Judgments of the general county court may be enforced by execution issued by the clerk thereof, returnable within twenty

days. Transcripts of *such judgments may be docketed in the superior court as now provided for judgments of justices of the peace,* and the judgment when docketed shall in all respects be a judgment of the superior court in the same manner and to the same extent as if rendered by the superior court, and shall be subject to the same statutes of limitations and the statutes relating to the revival of judgments in the superior court and issuing executions thereon." (Emphasis supplied.)

G.S. 7-166 provides for the docketing in the superior court of judgments of the justices of the peace:

"A justice of the peace, on the demand of a party in whose favor he has rendered a judgment, shall give a transcript thereof which may be filed and docketed in the office of the superior court clerk of the county where the judgment was rendered. And in such case he shall also deliver to the party against whom such judgment was rendered, or his attorney, a transcript of any stay of execution issued, or which may thereafter be issued, by him on such judgment, which may be in like manner filed and docketed in the office of the clerk of such court. The time of the receipt of the transcript by the clerk shall be noted thereon and entered on the docket; and from that time *the judgment shall be a judgment of the superior court in all respects for the purposes of lien and execution.* The execution thereon shall be issued by the clerk of the superior court to the sheriff of the county, and shall have the same effect, and be executed in the same manner, as other executions of the superior court; but in case a stay of execution upon such judgment shall be granted, as provided by law, execution shall not be issued thereon by the clerk of the superior court until the expiration of such stay. A certified transcript of such judgment may be filed and docketed in the superior court clerk's office of any other county, and with like effect, in every respect, as in the county where the judgment was rendered, except that it shall be a lien only from the time of filing and docketing such transcript. . . ." (Emphasis supplied.)

Plaintiff respondent relies on *Investment Co. v. Pickelsimer,* 210 N.C. 541, 187 S.E. 813, and *Brooks v. Brooks,* 220 N.C. 16, 16 S.E. 2d 403, the only two cases cited under G.S. 7-296. In *Investment Co. v. Pickelsimer, supra,* plaintiff had obtained a money judgment against defendant in the Buncombe County General Court in the amount of $7500.00. He had had the judgment transcripted to and docketed in the Superior Court. Defendant had real property in

Transylvania County. Plaintiff applied to the County Court for the appointment of a receiver to take over and liquidate defendant's assets. A receiver was appointed over defendant's objection that the General County Court had no jurisdiction. On appeal, our Supreme Court held that the General County Court had no jurisdiction for that "(1) When the judgment was docketed in the Superior Court it was subject to the jurisdiction of that court *in like manner as a justice's judgment when transcripted.* (2) It had no jurisdiction to appoint a receiver as was done in this action."

In *Brooks v. Brooks, supra,* plaintiff brought an action in the Superior Court of Buncombe County for subsistence without divorce. It was, by consent, transferred to the General County Court. On 15 December 1933, judgment was entered ordering defendant to pay a certain amount twice each month for the benefit of plaintiff and her children. The judgment was docketed in the office of the Clerk of Superior Court on 18 December 1933. On 10 January 1936, order was entered *in the General County Court* reducing the monthly allowance. Up until 15 February 1941, defendant complied with the order but failed then and thereafter to comply. On 1 January 1941, the judge of the General County Court, after notice to the Bar, entered an order transferring all cases to the Superior Court, the county commissioners having theretofore adopted a resolution abolishing the General County Court. Plaintiff moved in the Superior Court for an order for defendant to appear and show cause why he should not be adjudged in contempt of orders theretofore entered in the General County Court. Defendant by special appearance demurred to the jurisdiction of the Superior Court for that the action of the judge of General County Court in transferring all pending civil actions to the Superior Court was without notice to or consent of the parties and not in compliance with provisions of law for transfer of cases from General County Court to Superior Court. Our Supreme Court held that the Superior Court had jurisdiction.

We do not think either case is applicable here. The *Investment Co.* case was a transcripted money judgment, and in the *Brooks* case the matter had been transferred as the result of the abolishing of the County Court.

[2, 3]  It seems abundantly clear that by G.S. 7-296, the Legislature is providing the holder of a money judgment obtained in a general county court an alternate route for collection. He may have execution issue from the general county court, or he may have his judgment transcripted to superior court as is provided for judgments of justices of the peace. When this is done, it shall be a judgment of

the superior court in all respects for the purposes of lien and execution, subject to the same statutes of limitations and the statutes relating to the revival of judgments and executions thereon. We do not agree that by this statute the Legislature intended to oust the jurisdiction of the general county court in custody and child support matters where, as here, the judgment settling custody and support was docketed in the superior court as a matter of custom and convenience.

The 1965 amendment to G.S. 7-296 simply clarifies the question. It provides:

"Notwithstanding the foregoing, the general county court shall retain jurisdiction to hear and determine all motions with respect to divorce, divorce a mensa et thoro, alimony without divorce, child custody and support in all cases wherein the general county court had rendered the initial order or judgment."

In *Becker v. Becker*, 273 N.C. 65, 159 S.E. 2d 569, it was reiterated that in suits for alimony without divorce and for the custody of children, the court acquires jurisdiction of the children as well as the parents, and that jurisdiction remains in the court wherein the action is brought.

This assignment of error is overruled.

[4] Plaintiff respondent also strenuously contends that the General County Court had no jurisdiction to enter its judgment for that the evidence disclosed that plaintiff respondent had a living wife from whom he was not divorced at the time of the purported marriage between the parties in 1946; that the purported marriage was void *ab initio* and defendant petitioner acquired no civil rights thereunder. Under our view of the case, this question is not presented. The record before us contains the original order of the General County Court providing for payments to the defendant petitioner, her motion in the cause filed 4 May 1965 reciting that plaintiff respondent was given custody of Charles Patrick Rehm in the order of 22 September 1961; that plaintiff respondent had, on four hours' notice, sent the child to her and promised to send $100.00 per month for his support; that he had not done so; and asking that she be awarded sole custody of the child and be awarded reasonable child support for him from the date he was placed in her care by plaintiff respondent. The record before us contains no motion for an order directing plaintiff respondent to show cause why he should not be adjudged in contempt for failure to comply with the 22 September 1961 order of the County Court. The judgment of the County Court en-

tered after hearing recites "the above-entitled cause coming on for a hearing before the undersigned Judge of the General County Court of Buncombe County upon Petitioner's petition for child support and custody, the Court finds the following facts:". The facts found amply supported the court's order that the care and custody of Charles Patrick Rehm be transferred to defendant petitioner and that plaintiff respondent pay her $60.00 per month for his exclusive care and support. No exception is taken to the findings of fact.

G.S. 50-11.1 provides: "A child born of voidable marriage or a bigamous marriage is legitimate notwithstanding the annulment of the marriage." Certainly no question can arise as to the plaintiff respondent's obligation to support his children. On this record and for the reasons given herein the judgment of the Superior Court is

Affirmed.

CAMPBELL and BRITT, JJ., concur.