Pearson, C. J.
 

 The statute ch. 46, sec. 47, Rev. Code requires that “the heirs and devisees
 
 or other persons interested in said
 
 estate,” shall be made parties to the petition of an executor or administrator to sell real estate. We think it obvious that the words “ or other persons interested in said estate,” were intended to embrace the assignees of an heir or devisee, that is, their heirs or devisees or'persons taking by purchase or alienation within two years after the qualification of an executor or letters of administration granted; which conveyances are made void against creditors or executors and administrators by sec. 61, and do not embrace the creditors of a deceased debtor; for :
 

 1. They are represented by the executor or administrator who made the application for the license to sell the real estate for their benefit, and the only adversary interest is that of the heir or devisee or their assignees.
 

 2. The creditors may not be known, or their debts ascertained.
 

 3. Creditors have no direct interest in the estate, and can only reach it by charging the executor or administrator with the proceeds of the sale as assets.
 

 There is no express provision in the statute requiring the sale made by an executor or administrator to be reported to the court and be confirmed. It may be that the 49th section which omits the word “license” and substitutes that of “decree,” and requires “ that the title shall be made to the purchaser by
 
 such person,
 
 and at
 
 such time&s
 
 the court shall prescribe,’1 furnishes sufficient ground for the inference that the sale ought to be reported to, and confirmed by, the court; yet, in the
 
 *314
 
 absence of some express provision, we are not at liberty to carry the construction further, and infer that the fund, in respect to its collection and mode of application, is to be under the control and direction of the court; for, by section 51, it is provided “ the proceeds of sale shall be assets in the hands of the executor or administrator for payment of debts, &c., and applied as though the same were the proceeds of personal estate.” It follows that after granting a license or decree of sale, and the order confirming the sale, and to make title to the purchaser is passed, the court has.nothing more to do in the matter, and its jurisdiction is at an end.
 

 Having arrived at these conclusions in regard to the construction of the statute, the application to the case under consideration, shows that the proceeding cannot be sustained.
 

 Viewed in the light of a petition to open 'the biddings, there are two fatal objections: No responsible specific offer is made in respect to the amount and no assurance given that the price will be increased. After the term at which a sale is confirmed, a court of equity in the case of a decree of sale or for partition, of an infant’s land and the like, where the fund, in respect to its collection, distribution and application, is still under its control, will not open the biddings;
 
 Ashbee
 
 v.
 
 Cowell,
 
 Bush. Eq. 158;
 
 a fortiori
 
 the court cannot do so, in a case where, after passing the order of confirmation, &c., its jurisdiction is at an end.
 

 Viewed in the light of a petition to rehear it cannot be entertained, because the petitioners were not and ought not to have been parties to the original proceeding. One who is not a party, cannot appeal, or petition to rehear, or file a bill of review. This is settled, according to the practice of the courts, and no precedent to the contrary, can be found.
 

 Viewed in the light of a bill- in equity to convert the purchaser into a trustee, on the allegation of a fraudulent collusion between him and the administrator to suppress competi■tion- — buy the land at a sacrifice and divide the spoils, and on the footing of fraud, to hold them liable for the actual value of the laud, instead of the price fit which it was sold,
 
 *315
 
 the proceeding cannot be entertained; because the County Court, in which it originated, had no such equity jurisdiction. It has general original jurisdiction in causes of a
 
 cwil nafaire at the common law;
 
 its equity jurisdiction is limited; and depends on specific statutory provisions,
 
 (Leary
 
 v. Fletcher, 1 Ire. 251,) e. g.,
 
 “
 
 petitions for filial portions, legacies and distributive shares, matters relating to orphans, idiots and lunatics and the management of their estates;” Revised Code, chap. 31, sec. 5.
 

 Whether by force of the 53rd section of the statute under consideration, which subjects to sale, on the application of an executor or administrator,
 
 “
 
 all rights and interests in land, which may be devised or would descend to the heirs, and all such other interests in real estate as would «be liable in a court of equity, to
 
 be applied in discharge of
 
 debts,” has the effect of giving jurisdiction to the county court in such cases, is a question not now presented ; but it is certain that these matters are peculiarly fit to be dealt with by a court of full equity powers, and the interests of all parties will be best protected by having the rights declared by a decree in a court of equity, before the land is exposed to sale. This section, however, has no application to the case before us; the powers of a court of limited jurisdiction, cannot be enlarged by implication.
 

 Per Curiam,
 

 Order below affirmed.