AMOS EVANS Administrator, &c. *v.* T. C. SINGELTARY.

The report of an administrator, who had been licensed to sell land by a
County Court, was returned and confirmed, and an order made, to collect
and make title; *held*, that upon its appearing afterwards, by the results of
a judgment and execution, that the purchase money could not be collected,
it was not competent for the County Court to set aside the sale. The
jurisdiction of the Court in cases of such sales is at an end upon the con-
firmation of the sale, and the order to collect and make title.
(*Thompson* v. *Cox*, 8 Jon. 311; In the matter of Yates, 6 Ire. Eq. 212, cited
and approved.)

PETITION by an administrator to sell land, before *Jones, J.*
upon a motion in the case, at Fall Term 1868, of the Superior
Court of PITT.

The petition had been filed by the plaintiff to August Term
1866 of the County Court of Pitt. In the course of the pro-
ceedings a sale was made to the defendant, which upon the
report of the administrator, was confirmed. Thereupon it was
ordered that the money should be collected when due, and title

made. The note was not paid at maturity, and thereupon suit was brought, and execution issued. Nothing having been made under the execution, the plaintiff removed the case into the Superior Court, and gave notice to the defendant that at Fall Term 1868 he would move the Court to set the sale aside.

Upon the motion being made, the Court set the sale aside, and ordered the plaintiff to resell; and the defendant appealed.

No counsel for the appellant.

*Fowle & Badger, contra*

DICK, J. We regret the necessity of overruling the interlocutory order of his Honor, in the Court below, as it is in accordance with the equity of the matter; but the strict rules of law must be observed in a Court of law.

Previous to the Act of 1846 (Rev. Code ch. 46, s 44 &c.,) an administrator had no power to sell the lands of his intestate to pay debts and charges of administration. The tedious and expensive method of subjecting the real estate of deceased persons to the payment of debts, induced the legislation above referred to.

That Act vested a limited equity jurisdiction upon the subject, in the County Courts, but that jurisdiction is at an end upon the confirmation of the sale of land and the order to collect the purchase money and make title. This limited jurisdiction cannot be enlarged by implication. *Thompson* v. *Cox, et. al.* 8 Jon. 311.

The transfer of the case before us from the County to the Superior Court, did not enlarge the jurisdiction, as it was on the law side of the docket, and it must be governed by the laws which were in existence prior the adoption of the Code of Civil Procedure.

It this case were in a Court of Equity, the interlocutory order of his Honor would be right, as that Court has the extensive remedial jurisdiction of decreeing specific performance of such contracts. *In the matter of Yates,* 6 Jon. Eq. 212.

As the plaintiff has failed to collect the purchase money by an action at law, and Courts of Equity are now abolished, he may find adequate relief by special proceedings, provided for in the Code of Civil Procedure, as they now furnish equitable remedies. As an incentive to active diligence on the part of the plaintiff, we think proper to suggest, that he may have made himself personally responsible for the debt, by his release under seal to Richard Singletary, one of the sureties of the defendant.

The interlocutory order appealed from must be over-ruled. Let this be certified, &c.

PER CURIAM. ·                           Order overruled.