WALKER, J., concurring; BROWN, J., dissenting. *Page 420 
The complaint alleges three causes of action:
1. For shortage in the quantity and quality of cotton-seed meal purchased from the defendant. On this issue the plaintiff recovered $150, and the defendant appealed.
2. The second cause of action is for the penalty prescribed in the statute in selling the cotton-seed meal without having branded or tagged thereon the data required by the statute.
3. The third cause of action was for injuries sustained by the (532) plaintiff's crop by reason of defendant's failure to deliver the quantity and quality of cotton-seed meal as set out in the first cause of action. On the last two causes of action the court instructed the jury to answer the issues in favor of the defendant, and the plaintiff appealed.
DEFENDANT'S APPEAL.
It was admitted by the defendant, as to the first cause of action, that it contracted to exchange with the plaintiff cotton-seed meal for fertilizing purposes for cotton seed at the rate of 1,333 1-3 pounds of meal for a ton of seed. There was evidence from which the jury found that the cotton-seed meal delivered was short in quantity and quality to the amount of $150. This was purely a question of fact, and we find no error in the trial, as to the defendant's appeal.
PLAINTIFF'S APPEAL.
The third cause of action alleges shortage in the yield of the crop of plaintiff caused by the shortage in the quantity and quality of the cotton-seed meal, as alleged and found in the first cause of action. The plaintiff testified that he had ascertained the defective quantity and quality of the meal when he used it. His measure of damage is an abatement in the price. This has been allowed him on the first cause of action. He does not allege that he could not have bought other cottonseed meal to have made good the deficiency. In fact, he admits in his evidence that he could have done so. He is not entitled to consequential damages for the resulting shortage in his crop. Knowing the deficiency, it was incumbent upon the plaintiff to have avoided any damages from the failure of the defendant to comply with his contract if he could have done so by reasonable and proper effort. *Page 421 
The second cause of action is for the recovery of the penalty of $10 per bag on 196 bags cotton-seed meal sold to plaintiff in violation of the provisions of the Revisal in regard to tagging and branding fertilizers and fertilizing material sold to others than manufacturers.
Revisal, 3957, prescribes: "All cotton-seed meal offered for (533) sale, unless sold to manufacturers in manufacturing, fertilizers, shall have plainly branded, on the bag containing it, or on a tag attached thereto, the following data:
"1. Cotton-seed meal, with brand.
"2. Weight of package.
"3. Ammonia or nitrogen.
"4. Name and address of manufacturer."
It was alleged in the complaint and shown in the proof that the said 196 bags were not sold to a manufacturer for use in manufacturing fertilizers, but were sold to the plaintiff, who is a farmer, to be used for fertilizing purposes, and neither of said bags had stamped thereon the above designated data, and that neither was tagged as required by said section, in that the tags attached thereto did not contain the data required in the third and fourth items, to wit: (3) Ammonia or nitrogen. (4) Name and address of manufacturer.
Pell's Revisal, 3965 (Laws 1907, ch. 670), makes the same requirements with some additions, as to branding "any commercial fertilizer or fertilizing material," and Revisal, 3956, prescribes: "Every merchant, trader, manufacturer or agent who shall sell or offer for sale any commercial fertilizer or fertilizing material without having attached thereto such labels, stamps, or tags as are required by law . . . shall be liable to a penalty of $10 for each separate bag, barrel, or package sold, or offered for sale or removed, to be recovered by any person who shall sue for the same."
The evidence is plenary that this cotton-seed meal, 196 bags, was sold by the defendant to the plaintiff without compliance with above provisions of the statute. This statute is an exceedingly important one to the farmers of the State to prevent fraud and imposition upon them in the sale of fertilizers and fertilizing material. The requirement of a penalty for the violation of a statute is a matter which rests in the discretion of the legislative department, without reference to the amount of damages sustained. The penalty is for punishment to enforce the execution of the law, and is in addition to compensation for the damages sustained. Grocery Co. v. R. R., 136 N.C. 404; (534)Walker v. R. R., 137 N.C. 168.
The defendant contends, however, that the plaintiff has not brought himself within the provisions of the statute, in that he has asked for a penalty under section 3960, alleging failure to attach the tax tags, *Page 422 
which showed the receipt of the taxes required by that section, while the evidence shows that the tax tags were in fact attached.
In an action for a penalty, the statute allowing the same, being a public one, need not be pleaded. Currie v. R. R., 135 N.C. 536; Comrs. v.Comrs., 101 N.C. 520. But the facts must be alleged upon which the statute authorizes the penalty. Upon the evidence the defendant failed to comply with the requirements of Revisal, 3945, 3956, and 3957, and it is alleged in the complaint that those sections are not complied with. There was allegata as well as probata. It is true that the complaint also alleges a failure to affix the tax tags as required by Revisal, 3960 and it was shown that these were in fact affixed.
It is also true that the complaint asked to recover penalties for failure to affix the tax tags, Revisal, 3960, but there is both allegation and proof of failure to comply with sections 3945, 3956, and 3957. It is well settled that "under The Code the demand for relief is immaterial, and the court will give any judgment justified by the pleadings and proof." See numerous cases cited, Clark's Code (3 Ed.), p. 584, and notes to section 425; Walker J., Voorhees v. Porter, 134 N.C. 597; Gillam v. Ins. Co.,121 N.C. 372. Upon the pleadings and proof the plaintiff is entitled to recover upon the second cause of action.
In defendant's appeal, No error; in plaintiff's appeal, on the second cause of action, Error; third cause of action, Affirmed.