MRS. POLLY MILLER, ADMINISTRATRIX OF CLAYTON MILLER, DECEASED, v. TOM ROBERTS AND WIFE, ELIZABETH ROBERTS, AND OSCAR TOWNSEND.

(Filed 13 October, 1937.)

1. **Courts § 1c—**

Failure to take objection by answer to the jurisdiction of the court does not waive the right to object to the jurisdiction, since there can be no waiver of jurisdiction, and objection thereto may be made at any time.

2. **Evidence § 2—**

Our courts will take judicial notice of a public statute of the State, which therefore need not be pleaded, and the North Carolina Workmen's Compensation Act is a public statute.

3. **Statutes § 5c—**

A statute which relates to persons and things as a class is a general law, and the North Carolina Workmen's Compensation Act is a general law.

4. **Master and Servant § 37—**

The North Carolina Workmen's Compensation Act is a general statute.

5. **Courts § 1c—Evidence is competent on trial in Superior Court to show that parties are subject to Workmen's Compensation Act.**

The Superior Court has the duty and power to find a jurisdictional fact, and therefore, in an action for wrongful death in which plaintiff alleges that the relation of master and servant existed between his intes-

tate and defendants, and that they were engaged in lumber operations in this State, evidence is competent on the trial to prove facts which show the parties to be subject to the provisions of the Workmen's Compensation Act.

6. **Master and Servant § 49—Nonsuit held proper upon finding, supported by evidence that action was governed by Compensation Act.**

In this action for wrongful death, instituted in the Superior Court, plaintiff alleged that the relationship of master and servant existed between intestate and defendants, and that intestate was killed while engaged in his duties in the operation of defendants' lumber plant. Upon cross-examination of plaintiff's witness, defendant elicited testimony, which was uncontradicted, that at all times defendants regularly employed twenty-five employees in operating the plant, and that witness, a fellow employee of intestate, had seen no notice and had received no letter to the effect that defendants were not operating under the Compensation Act. *Held:* The evidence, considered in the light most favorable to plaintiff, raises the presumption that the parties are subject to the Compensation Act, C. S., 8081 (i), (a), (m), (k), and tends to show absence of notice of nonacceptance by the employer, C. S., 8081 (1), and supports the court's judgment granting defendants' motion to nonsuit for that the Industrial Commission has exclusive jurisdiction, C. S., 8081 (r).

7. **Same—Where cause alleged is governed by Compensation Act, joinder of transferee of property of employer does not prevent nonsuit.**

Where, in an action instituted in the Superior Court to recover for wrongful death, plaintiff alleges that one of defendants was intestate's employer, and another defendant, a fellow employee, was driving the employer's truck at the time of the accident, and joins the employer's wife upon allegation that the employer had transferred all his property to her subsequent to the accident, the joinder of the wife, in the absence of evidence that she was intestate's employer or that the driver of the truck was her agent, will not prevent the dismissal of the action for that the plaintiff's exclusive remedy was under the Compensation Act.

APPEAL by plaintiff from *Alley, J.,* at March Term, 1937, of MITCHELL.

Action to recover damages for alleged wrongful death.

Plaintiff alleges actionable negligence and damage.

In their answer the defendants deny these allegations, but do not plead the Workmen's Compensation Act in bar of the action.

It is not controverted that the intestate, Clayton Miller, died 22 March, 1935, as result of injuries received in the wreck of an auto truck; that on 29 July, 1935, his widow, the plaintiff, Mrs. Polly Miller, was duly appointed by the clerk of the Superior Court of Mitchell County as administratrix of the estate of said intestate, and that this action was instituted the same day.

Plaintiff testified: "I am widow of Clayton Miller, deceased. He died 22 March, 1935. On the day he died, my husband was working for Tom Roberts. He was helping on a truck. He was helping Oscar

Townsend. . . . He was being paid $1.00 a day and board. Tom Roberts furnished his board, I suppose. He was paid in the store mostly, Tom Roberts' store, located at Forbes. I mean he was paid in goods out of the store mostly."

Plaintiff offered further evidence tending to show that Tom Roberts was engaged in sawmill and lumber operations in Mitchell County in March, 1935; that the defendant Oscar Townsend was employed there as the driver of a truck used for hauling lumber from mill to market; that plaintiff's intestate worked in the woods most of the time, but sometimes he helped on the truck operated by said Townsend; that on 22 March, 1935, Townsend, pursuant to his employment, with the intestate as helper, took a load of lumber on said truck to Hickory, N. C., that on the return trip and at about 8 o'clock that night, while traveling west on State Highway No. 10, in Burke County, and approaching a series of sharp curves east of Bridgewater, the said truck in which intestate was riding, while being operated by said Townsend at a rapid rate of speed, fifty miles per hour, and on the left-hand side of the road, collided with a car traveling east on its right side of the road, and then continued on, leaving the highway and wrecking at the foot of a steep cliff; that it was then raining, and the night was dark and very foggy; and that in the wreck of the truck, plaintiff's intestate received injuries from which he died in a short time.

Plaintiff introduced in evidence a bill of sale from the defendant Tom Roberts to the defendant Elizabeth Roberts, dated 11 May, 1934, filed for registration the same day and registered 16 May, 1934, in which he sold and delivered, among other things, a stock of goods at Forbes, all manufactured lumber on the Tom Roberts lumber yards in Buncombe, Madison, and Mitchell counties, two sawmills in Buncombe County, and four teams of mules and horses, known as the Tom Roberts teams. No evidence was introduced tending to connect the items sold with the operations in March, 1935.

Defendant, on the cross-examination of Chet Burleson, witness for plaintiff, and over plaintiff's objection, elicited testimony that the defendant, "Mr. Roberts," in his lumber operations had on an average regularly employed twenty-five employees, including defendant Oscar Townsend and the intestate; that the witness worked as fireman of the sawmill boiler, and was around the buildings a good deal; that at no place about the premises did he ever see a notice tacked up in the building, or office, or any place by Tom Roberts that he was not working under the Compensation Act; that the witness was furnished no notice, and did not receive any letter about it, and that if defendant Tom Roberts ever gave or filed a notice with the Industrial Commission, he knew nothing about it.

At the close of plaintiff's testimony, defendants entered motion for judgment as of nonsuit. The court below made the following record: "It appearing to the court from the uncontradicted evidence of the plaintiff's witnesses that at the time of the injury and death of the plaintiff's intestate, Roberts had in his employment an average of some 25 hands, the court being of the opinion from the foregoing evidence that the defendant was operating under the provisions of the Workmen's Compensation Act, the motion of the defendants for judgment as of nonsuit is allowed."

From adverse judgment, plaintiff appealed to the Supreme Court, and assigned error.

*Anglin & Randolph for plaintiff, appellant.*
*Charles Hutchins and W. C. Berry for defendant, appellee.*

WINBORNE, J. Two questions are presented on this appeal: (1) When the defendants in their answer failed to plead the North Carolina Workmen's Compensation Act as a bar to the jurisdiction of the Superior Court, is evidence competent on trial in the Superior Court to prove facts which show the parties to be subject to the provisions of the act? (2) Is the judgment of nonsuit valid? We answer both in the affirmative.

1. Failure to take objection by answer to the jurisdiction of the court does not waive the right to object to the jurisdiction. C. S., 518. There can be no waiver of jurisdiction, and objection may be made at any time. *Johnson v. Finch,* 93 N. C., 205, 208; *Hunter v. Yarborough,* 92 N. C., 68; *Tucker v. Baker,* 86 N. C., 1; *Clements v. Rogers,* 91 N. C., 63; *Knowles v. R. R.,* 102 N. C., 59, 9 S. E., 7; *Cherry v. R. R.,* 185 N. C., 90, 116 S. E., 192.

The court will take judicial notice of a public statute of the State, and such statute need not be pleaded. *Wikel v. Comrs.,* 120 N. C., 451, 27 S. E., 117; *Hancock v. R. R.,* 124 N. C., 222, 32 S. E., 769; *Carson v. Bunting,* 154 N. C., 530, 70 S. E., 923; *Mangum v. R. R.,* 188 N. C., 689, 125 S. E., 549.

A statute which relates to persons and things as a class is a general law. *R. R. v. Cherokee,* 177 N. C., 86, 97 S. E., 758.

The purpose of the North Carolina Workmen's Compensation Act, as disclosed by its language, shows it to be a public statute. *Hancock v. R. R., supra; Webb v. Port Commission,* 205 N. C., 663.

In the *Hancock case, supra,* it is held that it was not incumbent upon the plaintiff to plead the Fellow Servant Act, a public statute, in order to derive the benefit of the provisions of that act on trial in Superior Court. In the *Mangum case, supra,* it was held that the Federal Em-

5—212

ployers' Liability Act, a public statute, enacted by Congress, did not have to be pleaded.

The Superior Court has the duty and power to find a jurisdictional fact. *Aycock v. Cooper,* 202 N. C., 500, 163 S. E., 569; *Young v. Mica Co., post,* 243.

In *Aycock v. Cooper, supra,* speaking to the question as to whether findings of fact by the North Carolina Industrial Commission on jurisdiction are conclusive and binding upon the Superior Court, *Mr. Justice Connor* writes: "The question has not heretofore been presented to this Court, and we, therefore, have no decision which may be cited as an authority, but both a proper construction of the language of the statute, and well settled principles of law lead us to the conclusion that where the jurisdiction of the North Carolina Industrial Commission to hear and consider a claim for compensation under the provisions of the North Carolina Workmen's Compensation Act, is challenged by an employer, on the ground that he is not subject to the provisions of the act, the findings of fact made by the Commission, on which its jurisdiction is dependent, are not conclusive on the Superior Court, and that said court has both the power and the duty, on the appeal of either party to the proceeding, to consider all the evidence in the record, and find therefrom the jurisdictional facts, without regard to the finding of such facts by the Commission."

The plaintiff alleges that the relationship of master and servant existed between the defendants and her intestate, and that the defendants were engaged in sawmill and lumber operations in North Carolina. It was, therefore, proper and competent to receive evidence upon which to determine the jurisdictional fact.

2. The parties, under the fact situation of the instant case, are presumed to have accepted the North Carolina Workmen's Compensation Act, and, nothing else appearing, are bound by its terms. *Pilley v. Cotton Mills,* 201 N. C., 426, 160 S. E., 479; *Hanks v. Utilities Co.,* 204 N. C., 155, 167 S. E., 560.

We have in the instant case the existence of the relationship of employer and employee in a sawmill operation in North Carolina in which there were fifteen or more employees regularly employed. In considering challenge to judgment as of nonsuit, on facts as they appear, it is well to refer to pertinent sections of the Workmen's Compensation Act. C. S., 8081 (i) (a), provides: "The term 'employment' includes employment by . . . all private employments in which five or more employees are regularly employed in the same business or establishment, except . . . sawmills and logging operators in which less than fifteen employees are regularly employed."

Sec. 8081 (m) provides: "Every contract of service between any employer and employee covered by this article, written or implied, now in operation or made or implied prior to the taking effect of this article, shall, after the act has taken effect, be presumed to continue, subject to the provisions of this article; and every such contract made subsequent to the taking effect of this act shall be presumed to have been made subject to the provisions of this article, unless either party shall give notice, as provided in sec. 8081 (l), to the other party to such contract that the provisions of this act . . . are not intended to apply."

Sec. 8081 (k) provides: ". . . *Every employer* and *employee, except as herein stated, shall be presumed to have accepted the provisions of this article* respectively to pay and accept compensation for personal injury or death by accident arising out of and in the course of the employment, and *shall be bound thereby, unless he shall have given, prior to any accident resulting in injury or death, notice to the contrary in the manner herein provided."* (Italics ours.)

Sec. 8081 (l) provides: ". . . Notice of nonacceptance of the provisions of this article and notice of waiver of exemption heretofore referred to shall be given thirty days prior to any accident resulting in injury or death. . . . The notice shall be in writing or print, in substantially the form prescribed by the Industrial Commission, and shall be given by the employer by posting same in a conspicuous place in the shop, plant, office, room, or place where the employee is employed, or by serving it personally upon him; and shall be given by the employee by sending the same in registered letter, addressed to the employer at his last known residence or place of business, or by giving it personally to the employer or any of his agents upon whom a summons in civil action may be served under the laws of the State. A copy of the notice in prescribed form shall also be filed with the Industrial Commission."

Sec. 8081 (r) provides: "The rights and remedies herein granted to an employee where he and his employer have accepted the provisions of this act, respectively, to pay and accept compensation on account of personal injury or death by accident, shall exclude all other rights and remedies of such employee, his personal representative, parents, dependents, or next of kin, as against his employer at common law, or otherwise, on account of such injury, loss of service, or death."

In *Pilley v. Cotton Mills, supra,* it is said: "Under the Workmen's Compensation Act every employer and employee, except as therein stated, is presumed to have accepted the provisions of the act and to pay and accept compensation for personal injury or death as therein set forth. The plaintiff, not being in the excepted class, is bound by the

presumption. Public Laws 1929, ch. 120, sec. 4 (C. S., 8081 [k]). It follows by the express terms of the statute (sec. 11), C. S., 8081 (r), that the rights and remedies thus granted to an employee exclude all other rights and remedies of such employee as against his employer at common law, or otherwise, on account of injury, loss of service, or death."

In *McNeely v. Asbestos Co.,* 206 N. C., 568, it is stated: "Both parties to the controversy are presumed to have accepted the North Carolina Workmen's Compensation Act, and consequently bound by its terms. Moreover, the evidence disclosed that at all times the defendant had in its employ more than five employees, so that the jurisdictional question is not involved."

The Georgia Court goes further than we find it necessary. It holds that in an action in the Superior Court for damages for personal injury, where the relationship of employer and employee exists, the burden is upon the employee to prove that the employer had rejected the act. *McCoy v. Lbr. Co.,* Ga. App., 251, 143 S. E., 611.

In the instant case there is no evidence tending to contradict the evidence as to facts upon which the Workmen's Compensation Act creates the presumption that the parties have accepted the provisions of the act, or rebut that presumption. On the other hand, there is uncontradicted testimony tending to show absence of notice of nonacceptance by the employer as required by the act. (C. S., 8081 [l]). There is no evidence that the employee gave to employer any notice of nonacceptance.

Taking all the evidence in the light most favorable to plaintiff, the relationship of employer and employee existed between defendant Tom Roberts and plaintiff's intestate, and the accident resulting in the death of plaintiff's intestate arose out of and in the course of his employment. The said parties are within the jurisdiction of the North Carolina Industrial Commission.

Upon all the evidence in the light most favorable to the plaintiff, the plaintiff has failed to carry the burden either of showing the relationship of employer and employee between the defendant Elizabeth Roberts and plaintiff's intestate, or in establishing that defendant Oscar Townsend was agent of defendant Elizabeth Roberts, and for whose negligent acts, in the operation of the truck, she would be liable.

The judgment below is

Affirmed.