LYNWOOD LOVEGROVE v. MARGARET LOVEGROVE.

(Filed 4 March, 1953.)

**1. Appeal and Error § 1—**

The Supreme Court will take judicial notice of a defect of jurisdiction *ex mero motu.*

**2. Courts § 3a—**

The Superior Court has statewide jurisdiction and is but a single court with terms of court in each county in the State at least twice in each year. Constitution of N. C., Art. IV, sec. 2; Art. IV, sec. 10.

**3. Courts § 8—**

A county recorder's court is a court for the county wholly independent of any other court or system of courts. Constitution of N. C., Art. IV, sec. 2.

**4. Venue § ½—**

Venue means the place of trial.

**5. Venue § 4a—**

The right to demand change of venue is purely statutory, and a change of venue changes the place of trial but not the court of trial.

**6. Same: Courts § 11—**

A recorder's court of one county has no jurisdiction to order a cause pending therein transferred to the recorder's court of another county, and such order confers no jurisdiction upon the second court and proceedings had therein subsequent thereto are a nullity.

**7. Appeal and Error § 1—**

> The jurisdiction of the Supreme Court is derivative and when the court below has no authority to enter the order from which the appeal is taken, the Supreme Court has no jurisdiction to entertain the appeal on its merits.

APPEAL by plaintiff from *Williams, J.,* October Term, 1952, EDGE-COMBE.

Civil action for divorce.

Both plaintiff and defendant reside in Edgecombe County. On 3 January 1952 plaintiff instituted this action in the recorder's court of Nash County for divorce on the ground of two years' separation. On 19 January 1952, defendant, after due notice to plaintiff, appeared and filed a written motion addressed to the clerk of the Superior Court of Nash County for a removal of the cause to Edgecombe County for trial. The court to which she sought to have the cause removed is not designated in the motion. On 28 January 1952 the clerk of the Superior Court found as a fact that Edgecombe County was the proper venue for the trial of the cause and entered an order removing the cause "from the Recorder's Court of Nash County to the Recorder's Court of Edgecombe County." Counsel for plaintiff consented.

The defendant in her answer pleads a cross action for divorce *a mensa* and prays an allowance of alimony and counsel fees *pendente lite.*

At the trial in the recorder's court of Edgecombe County the jury answered the issues both on plaintiff's cause of action and defendant's cross action in favor of defendant. From judgment on the verdict defendant appealed to the Superior Court. The recorder had theretofore allowed alimony *pendente lite* from which defendant had appealed.

At the October Term 1952, Edgecombe Superior Court, on motion of defendant for alimony and counsel fees *pendente lite,* the court found the essential facts and entered an order allowing alimony, etc., as appears of record. Plaintiff excepted and appealed.

*Cameron S. Weeks and T. Chandler Muse for plaintiff appellant.*
*Fountain & Fountain for defendant appellee.*

BARNHILL, J. We are met at the threshold of this appeal by a question of jurisdiction of which we must take judicial notice *ex mero motu. Shepard v. Leonard,* 223 N.C. 110, 25 S.E. 2d 445; *S. v. Clarke,* 220 N.C. 392, 17 S.E. 2d 468; *S. v. Morgan,* 226 N.C. 414, 38 S.E. 2d 166; *S. v. Jones,* 227 N.C. 94, 40 S.E. 2d 700; *S. v. Miller,* 225 N.C. 213, 34 S.E. 2d 143.

The right to demand a change of venue and the authority of the courts to remove a cause from one county to another for trial is purely statu-

tory.  56 A.J. 4, 5, 49, 61.  And the clerk of the Superior Court, whether he was acting as such or as *ex officio* clerk of the recorder's court, was without statutory authority to remove the cause to a local court in another county.

Article IV, sec. 2, of the Constitution established a Superior Court for the State as a whole, *S. v. Pender,* 66 N.C. 313, and Article IV, sec. 10, requires terms thereof to be held "in each county at least twice in each year."  The term "Superior Court" had a well-defined meaning at the time of the adoption of the Constitution.  It was one court having State-wide jurisdiction, *Rhyne v. Lipscombe,* 122 N.C. 650.

The Code of Civil Procedure, General Statutes Ch. 1, applies to the Superior Court.  *Fisher v. Bullard,* 109 N.C. 574; *Mohn v. Cressey,* 193 N.C. 568, 137 S.E. 718.  In the subchapter designated "venue," G.S. 1, Ch. 1, Art. 7, it designates the county in which various types of actions shall be instituted, and when an action is instituted in a county which "is not the proper one," the judge is vested with authority to "change the place of trial" or remove the cause for trial to the county in which, under the statute, it should have been instituted, G.S. 1-83.  The word "venue," as used in the statute, means place of trial, Callaghan, Cyc. Law Dic., the place or county where the trial of a cause is to be held, Webster, New Int. Dic., 2d Ed.

The authority thus vested in the Superior Court judge to remove a cause instituted in a county which "is not the proper one," as provided by the statute fixing the venue of actions, is the power to change the place of trial.  The trial, nonetheless, is to be had in the same court which ordered its removal—the Superior Court.

The recorder's court of Nash County was created by statute, ch. 633 P.L. 1909, ch. 176 P.L.L. 1911.  It is an inferior court the creation of which is authorized by Art. IV, sec. 2, of the Constitution.  But it is a court for the County of Nash, wholly independent of any other court or system of courts.

It is vested with jurisdiction to try divorce actions, ch. 768 S.L. 1943, and "the same rules and practice as to venue of causes of action cognizable in said recorder's court, civil or criminal, shall apply as is now provided by law for the superior courts."  Sec. 17, ch. 176, P.L.L. 1911.  Just what is the purpose, intent, and scope of the latter provision relating to venue we are not now called upon to decide.  Suffice it to say that it may not be construed to confer the power or authority to remove a cause therein pending for trial to another local court in another county.  Such removal not only changed the place of trial as authorized by our venue statute above cited but also the court in which the cause was to be tried.  Jurisdiction could not thus be conferred on the recorder's court of Edgecombe County.  Indeed the venue statute, as broad and comprehensive as it is,

does not empower a Superior Court sitting in one county to transfer a cause for trial to an inferior court of another county.

The statutory provisions for change of venue "were only intended to provide for a change of the place of trial from the district court for one county to the same court for another county, and were never designed to authorize the transfer of an action from one court to another differently organized and possessing a different jurisdiction, as from a municipal court to the district court, or to a justice of the peace, or from the district court to a municipal court." *Janney v. Sleeper,* 16 N.W. 365; *Austin, Tomlinson & Webster Mfg. Co. v. Heiser,* 61 N.W. 445; *Brust v. First Nat. Bank,* 198 N.W. 749.

It follows that this cause is still pending in the recorder's court of Nash County. The proceedings had and the orders entered in the recorder's court and in the Superior Court of Edgecombe County are without force or effect.

The jurisdiction of this Court is derivative. Since the court below had no authority to enter the order from which plaintiff appealed, we have no jurisdiction to entertain the appeal on its merits. *Stafford v. Wood,* 234 N.C. 622, 68 S.E. 2d 268.

The parties live in Edgecombe County. The subject of the action—the marital status of the parties—is of necessity located in that county. Therefore we do not mean to say that defendant may be compelled to defend the action pending in the recorder's court of Nash. She has a remedy, but it is not our custom to chart future proceedings in a cause not finally disposed of by us on appeal.

The appeal is dismissed and the cause is remanded with direction that the action be dismissed from the docket.

Appeal dismissed.