JULIUS  EDWARD  NELMS  v.  MABEL  BLACKWELL  NELMS.

(Filed 6 May, 1959.)

**1. Courts § 14—**

The General County Court of Wilson County is given statutory jurisdiction of actions for divorce and alimony concurrent with that of the Superior Court. G.S. 7-279(6).

**2. Divorce and Alimony § 6—**

The statutory provision that in an action for divorce the summons shall be returnable to the court of the county in which either the plaintiff or defendant resides, relates to venue and is not jurisdictional. G.S. 50-3.

**3. Same:  Courts § 14:  Venue § 3—**

Motion for change of venue as a matter of right must be made in writing within thirty days after service of summons, G.S. 1-125, and where, in an action for divorce instituted in a general county court of a county of which neither of the parties is a resident, defendant demurs to the complaint on the ground of want of jurisdiction but does not move for change of venue until after the expiration of thirty days from the service of summons, change of venue as a matter of right is waived. G.S. 1-83.

BOBBITT, J., concurring.

PARKER, J., dissenting.

HIGGINS AND MOORE, JJ., concur in dissent.

APPEAL by defendant from *Fountain, S. J.,* at September-October 1958 Civil Term of WILSON.

Civil action to dissolve absolutely the bonds of matrimony existing between the plaintiff and the defendant, on the grounds of two years' separation.

These facts are not controverted:

(I) That on 13 March, 1958, plaintiff, a resident of Pitt County, instituted this action and filed complaint therein in the General County Court of Wilson County against defendant, a resident of Nash County, all in North Carolina;

(II) That summons and complaint were served on defendant on 14 March, 1958;

(III) That on 11 April, 1958, in said General County Court, defendant demurred to the complaint filed in this action, and "moves for a dismissal" for that (1) Dissolution by divorce of the marriage between plaintiff and defendant is the subject of this action; (2) It appears upon the face of the complaint that plaintiff is a resident of Pitt County and defendant a resident of Nash County, and that neither is a resident of Wilson County; and (3) This court has no jurisdiction of the subject matter of this action.

(IV) That on 9 May, 1958, the Judge of said General County Court, after hearing thereon, overruled the demurrer so filed by defendant and so adjudged. And, on same day, defendant excepted thereto and appealed to Superior Court of Wilson County, and on such appeal defendant assigned as error the rendering of the judgment set out in the record, and the court, being of opinion that the demurrer should be overruled, so adjudged, and remanded the cause to the General County Court of Wilson County for further orders. Defendant objected and excepted.

(V) Thereafter on 21 June, 1958, in the said General County Court defendant moved the court that the cause be removed to Nash County for trial for the reason that Wilson County is not the proper county for the trial of this action, and Nash County is a proper county, and in support of such motion showed to the court:

"1. That plaintiff is not a resident of Wilson County, North Carolina, and alleges in his verified complaint that he is a resident of Pitt County, North Carolina.

"2. That the defendant is a resident of Nash County, North Carolina, as alleged in the complaint.

"3. That this action seeks to dissolve by divorce the marriage of plaintiff and defendant and such marriage is the subject of this action. That Wilson County is not the proper county for the institution and prosecution of this action, that Nash County is a proper one and the defendant demands that this action be transferred to Nash County for trial as provided by law in such cases."

(VI) That the clerk of the said General County Court, upon hearing thereon, being of opinion that the motion to remove should be denied, entered order on 21 August, 1958, that the motion be denied.

(VII) That on appeal from the order of the clerk, the Judge of said General County Court found facts substantially as hereinabove related, and further that defendant has filed no answer and, thereupon concluded (paragraph 7) that the time for answering for the purposes of the motion for change of venue had expired; and being of opinion that defendant had waived her right to have the cause removed to

Nash County, entered an order dated 15 September, 1958, affirming the said order of the clerk, and denying defendant's motion.

Defendant excepted thereto and appealed to Superior Court of Wilson County, assigning as error the following:

"1. The court erred in its findings and conclusions of law as set forth in paragraph 7, 'the time for answering for the purpose of the motion for change of venue has expired.'

"2. That the court erred in its conclusions of law as set forth in paragraph 7 that 'the court is of the opinion that the defendant has waived her right to have this cause moved to Nash County.'

"3. The court erred in rendering the judgment set out in the record."

(VIII) The cause thereafter coming on for hearing and being heard in Superior Court on the appeal from General County Court as aforesaid, Fountain, S. J., being of opinion that the first exception of the defendant should be allowed for that the time for answering has not expired, and further being of opinion that the second and third exceptions should be denied for that, in the opinion of the court, defendant has waived her right to remove the cause to Nash County, ordered and decreed that the order of the Judge of the General County Court of Wilson County dated 15 September, 1958, be affirmed.

Defendant excepts thereto, and appeals to Supreme Court and assigns error.

*Finch & Narron for plaintiff, appellee.*
*Hooks & Britt for defendant, appellant.*

WINBORNE, C. J.   The General Assembly of North Carolina has declared (1) specifically —that the General County Court in Wilson County shall have jurisdiction to try actions for divorce, according to the course and practice of the Superior Court in such action. P. L. 1931, Chap. 61, Sec. 1 (h); (2) expressly—that the jurisdiction of the General County Court in civil actions shall be concurrent with the Superior Court in all actions and proceedings for divorce and alimony, or either, G.S. 7-279 (6); (3) that in all proceedings for divorce the summons shall be returnable to the court of the county in which either the plaintiff or defendant resides, G.S. 50-3 Venue; and (4) that if the county designated for the purpose of summons and complaint is not the proper one, the action may be tried therein unless the defendant, before the time for answering expires, demands in writing that the trial be conducted in the proper county, and the place of trial is thereupon changed by consent of the parties, or by order of the court. G.S. 1-83.

NELMS *v.* NELMS.

And in respect to the statute G.S. 50-3, decisions of this Court hold that its provisions are not jurisdictional, but relate to venue, *McLean v. McLean,* 233 N.C. 139, 63 S.E. 2d 138, and may be waived.

Furthermore, it is provided in G.S. 1-125 that "the defendant must appear and demur or answer within thirty (30) days after the service of summons upon him, or within thirty (30) days after the final determination of a motion to remove as a matter of right * * * ." In the light of the provisions of this statute, it would seem that in a case where defendant claims right of removal as a matter of right the first move of defendant is motion for change of venue— and that upon failure to so move the right is waived.

And if an action for divorce be instituted in any other county in the State the action may be tried therein unless the defendant demands in writing that' the trial be had in the proper county. *Smith v. Smith,* 226 N.C. 506, 39 S.E. 2d 391, citing *Davis v. Davis,* 179 N.C. 185, 102 S.E. 270.

Indeed in *McLean v. McLean, supra,* this Court in opinion by *Devin, J.,* later C. J., had this to say: "The mere fact of instituting suit for divorce in a county other than that of plaintiff's residence would not be regarded as affecting the jurisdiction of the court over the action on proper service, but rather as affecting the question of venue."

Moreover, in *Waters v. McBee,* 244 N.C. 540, 94 S.E. 2d 640, *Rodman, J.,* interpreting for the Court the phrase "shall have jurisdiction over the entire county in which said court may be established" appearing in G.S. 7-265, made this pertinent observation: "Had it been the intention of the Legislature to limit the jurisdiction of the General County Court to causes of action arising in the county, it would have been simple and appropriate for it to have inserted such a provision in S. 14 of the Act, prescribing the jurisdiction of the court. G. S. 7-279. No such limitation appears." To the contrary the General Assembly has made express provisions for change of venue in appropriate cases. G.S. 7-286.

In the light of the provisions of these statutes applied to the facts appearing upon the face of the record on this appeal, the Court is of opinion and holds that the judgment from which appeal is taken is proper, and should be affirmed.

Affirmed.

BOBBITT, J., concurring. Plaintiff and defendant are domiciled in North Carolina. Hence, North Carolina has jurisdiction of an action brought by either for absolute divorce. Whether the General Assembly,

which certainly had the power to do so, has conferred jurisdiction upon the General County Court of Wilson County to entertain and try such action is the only question presented. For the reasons stated in the Court's opinion, I think this question must be answered in the affirmative.

G.S. 7-286, second paragraph, provides: "Motions for the change of venue or removal of cases from the general county courts to the superior courts of counties other than the one in which the said court sits may be made and acted upon, and the causes for removal shall be the same as prescribed by law for similar motions in the superior courts."

In *Lovegrove v. Lovegrove*, 237 N.C. 307, 74 S.E. 2d 723, the action, brought in the Recorder's Court of Nash County, was removed by order of the clerk of that court to the Recorder's Court of Edgecombe County. No statutory provision conferred authority for such order. Hence, subsequent proceedings *in the Recorder's Court of Edgecombe County* were declared invalid because *it* had no jurisdiction. *Barnhill, J.* (later C.J.), stated: "It follows that this cause is still pending in the recorder's court of Nash County." He noted that a remedy as to change of venue was available to the defendant. As I read the opinion, the clear implication is that the defendant had the right to have the cause removed to the Superior Court of Edgecombe County for trial. There was no holding, express or implied, that the Recorder's Court of Nash County lacked jurisdiction.

A motion by defendant that the court, in its discretion, remove the cause to the Superior Court of Nash County for trial, on the ground the convenience of witnesses and the ends of justice will be promoted thereby, is not precluded by the present decision.


PARKER, J., dissenting. At the very beginning of a consideration of this appeal we are met by a question of jurisdiction of which we must take judicial notice *ex mero motu*. *Lovegrove v. Lovegrove*, 237 N.C. 307, 74 S.E. 2d 723; *Shepard v. Leonard*, 223 N.C. 110, 25 S.E. 2d 445.

According to the complaint, plaintiff resides in Pitt County, and the defendant resides in Nash County. They were married in Johnston County. There is no averment in the complaint that either party ever resided in Wilson County, or ever had a domicil in Wilson County. The subject of the action — the marital status of the parties — is not located in Wilson County.

With regard to the matter of jurisdiction over a divorce action, it is now the generally settled rule, that the right to decree a divorce is

founded on domicil, which alone gives jurisdiction. Note in 76 Am. Dec. 672. "Under our system of law, judicial power to grant a divorce — jurisdiction, strictly speaking — is founded on domicil. *Bell v. Bell,* 181 U.S. 175, 45 L. Ed 804, 21 S. Ct. 551; *Andrews v. Andrews,* 188 U.S. 14, 47 L. Ed 366, 23 S. Ct. 237. The framers of the Constitution were familiar with this jurisdictional prerequisite, and since 1789 neither this Court nor any other court in the English-speaking world has questioned it." *Williams v. State of North Carolina,* 325 U.S. 226, 89 L. Ed. 1577, 157 A.L.R. 1366, reh. den. 325 U.S. 895, 89 L. Ed. 2006.

Plaintiff instituted his action for divorce in the General County Court of Wilson County. The statute providing for the establishment of General County Courts was enacted by the General Assembly of 1923, Public Laws 1923, Chapter 216, of which a part is now G.S. 7-265. Section 1 of this statute provides that the General County Court "shall have jurisdiction over the entire county in which said court may be established." Section 13 of this statute provides that the General County Court shall have "jurisdiction in criminal actions within the county" in a limited class of cases. Section 14 of the act reads:

"The jurisdiction of the General County Court in civil actions shall be as follows:

"1. Jurisdiction concurrent with that of the justices of the peace of the county;

"2. Jurisdiction concurrent with the Superior Court in all actions founded on contract;

"3. Jurisdiction concurrent with the Superior Court in all actions not founded upon contract;

"4. Jurisdiction concurrent with the Superior Court in all actions to try title to lands and to prevent trespass thereon and to restrain waste thereof;

"5. Jurisdiction concurrent with the Superior Court in all actions pending in said court to issue and grant temporary and permanent restraining orders and injunctions."

It will be noted that jurisdiction was not given over divorce actions.

The General County Court of Wilson County, established for Wilson County by virtue of this statute, is a statutory court inferior to the Superior Court, with limited jurisdiction in Wilson County, and has no extra-territorial jurisdiction, except what is expressly given it in the statute creating it, and then subject to constitutional limitations. *Investment Co. v. Pickelsimer,* 210 N.C. 541, 187 S.E. 813.

This Court said in *Waters v. McBee,* 244 N.C. 540, 94 S.E. 2d 640:

"The phrase 'shall have jurisdiction over the entire county in which said court may be established' (G.S. 7-265) does not have reference to the kind or character of action of which the court may take jurisdiction nor of the parties who may be subject to its jurisdiction. It merely fixes the territorial limits within which the court may act. A court has no power or authority to hear and determine matters in controversy beyond its territorial limits." In the *Waters* case instituted in the General County Court of Buncombe County, plaintiff resided in Buncombe County. In the instant case neither party resides, or ever has resided, in Wilson County.

The General Assembly of 1931, Public Laws 1931, Chapter 61, amended Chapter 216 of the Public Laws of 1923 as it relates to the General County Court of Wilson County, and in Section 1(h) of Chapter 61 provided that the General County Court in Wilson County "shall have jurisdiction to try actions for divorces, according to the course of practice of the Superior Court in such actions."

The General Assembly of 1935, Public Laws 1935, Chapter 171, amended the statute as to General County Courts as follows: "6. Jurisdiction concurrent with the Superior Court of all actions and proceedings for divorce and alimony, or either." This now appears in G.S. 7-279.

A Preliminary Report on the Structure and Jurisdiction of the Courts of North Carolina Prepared in 1957 by the Institute of Government for a Subcommittee of the North Carolina Bar Association Committee on Improving and Expediting the Administration of Justice in North Carolina, page 11, states that of the 100 counties in North Carolina 5 counties have General County Courts.

"The powers of a court of limited jurisdiction cannot be enlarged by implication. *Thompson v. Cox,* 53 N.C. 311; *Evans v. Singletary,* 63 N.C. 205." *Greensboro v. Black,* 232 N.C. 154, 59 S.E. 2d 621.

This Court said in *In re Hickerson,* 235 N.C. 716, 71 S.E. 2d 129: "If the meaning of a statute be in doubt, reference may be had to the title and context as legislative declarations of the purpose of the act."

*Lovegrove v. Lovegrove, supra,* was a divorce action. Both plaintiff and defendant resided in Edgecombe County. Plaintiff instituted the action in the Recorder's Court of Nash County. Chapter 768, Section 1(e), of 1943 Session Laws of North Carolina provides that the Recorder's Court of Nash shall have "concurrent, original and final jurisdiction with the Superior Courts of all actions for divorce." On motion of defendant, and with the consent of the plaintiff, the action was removed from the Recorder's Court of Nash County to the Recorder's Court of Edgecombe County. Defendant in her answer

pleads a cross-action for divorce *a mensa*, and prays an allowance of alimony and counsel fees *pendente lite*. At the trial in the Recorder's Court of Edgecombe County the jury answered the issues both on plaintiff's cause of action and defendant's cross-action in favor of defendant. The Recorder had theretofore allowed alimony *pendente lite* from which defendant had appealed. At the October Term 1952 Edgecombe Superior Court, on motion of defendant for alimony and counsel fees *pendente lite,* the court found the essential facts and entered an order allowing alimony, etc. Plaintiff appealed. This Court held that the Recorder's Court of Nash County had no jurisdiction to order the action transferred to the Recorder's Court of Edgecombe County for trial, that the proceedings had and the orders entered in the Recorder's Court and in the Superior Court of Edgecombe County are without force or effect, and that the action is still pending in the Recorder's Court of Nash County. The Court said: "The parties live in Edgecombe County. The subject of the action — the marital status of the parties — is of necessity located in that county. Therefore we do not mean to say that defendant may be compelled to defend the action pending in the recorder's court of Nash. She has a remedy, but it is not our custom to chart future proceedings in a cause not finally disposed of by us on appeal."

The jurisdiction of a court is a matter of substance and not of form, a limitation which is fundamental and not merely theoretical. It is manifest from a study of the statute of 1923 creating General County Courts, and the subsequent amendments thereto, that a General County Court created by virtue of that Act has concurrent jurisdiction with the Superior Court over divorce actions, when one or both of the parties to the divorce action is or are domiciled in the county where the General County Court sits. When both parties are not domiciled in the county where the General County Court sits, such court has no jurisdiction of a divorce action between them. In other words, a person domiciled in North Carolina for the requisite time has the choice of bringing an action for divorce in the General County Court of his domicile, if there is one, or in the General County Court of his wife's domicile, if there is one, or in the Superior Court. Anything said to the contrary in *McLean v. McLean,* 233 N.C. 139, 63 S.E. 2d 138, I would overrule.

The majority opinion quotes from the *McLean* case as follows: "The mere fact of instituting suit for divorce in a county other than that of plaintiff's residence would not be regarded as affecting the jurisdiction of the court over the action on proper service, but rather as affecting only the question of venue." That statement is correct

when the divorce action is instituted in the Superior Court, because the Superior Court, different from General County Courts, is one court having statewide jurisdiction. Article IV, Sec. 2, North Carolina Constitution; *S. v. Pender,* 66 N.C. 313; *Rhyne v. Lipscombe,* 122 N.C. 650, 29 S.E. 57; *Lovegrove v. Lovegrove, supra.* Both cases cited in the *McLean* case to sustain the above quoted statement are divorce actions instituted in the Superior Court.

It is elementary learning that a court cannot obtain jurisdiction by consent of the parties, waiver or estoppel. *Hart v. Motors,* 244 N.C. 84, 92 S.E. 2d 673.

The jurisdiction of the Superior Court on appeal in this case is derivative only. *Barham v. Perry,* 205 N.C. 428, 171 S.E. 614; *S. v. White,* 246 N.C. 587, 99 S.E. 2d 772.

"There is a general rule, frequently approved in our decisions, that if an inferior court or tribunal has no jurisdiction of a cause, an appeal from its decision confers no jurisdiction upon the appellate court." *Hall v. Artis,* 186 N.C. 105, 118 S.E. 901.

The jurisdiction of this Court is derivative. Since the court below had no authority to enter the order from which defendant appealed, we have no jurisdiction to entertain the appeal on its merits. *Lovegrove v. Lovegrove, supra; Stafford v. Wood,* 234 N.C. 622, 68 S.E. 2d 268.

The instant that a court perceives that it is exercising, or is about to exercise, a forbidden or ungranted power, it ought to stay or dismiss a legal proceeding of its own motion; and, if it does not, such action is, in law, a nullity. *Stafford v. Wood, supra; Shepard v. Leonard, supra; Henderson County v. Smyth,* 216 N.C. 421, 5 S.E. 2d 136; *Miller v. Roberts,* 212 N.C. 126, 193 S.E. 286; *Nelson v. Relief Department,* 147 N.C. 103, 60 S.E. 724; *Burroughs v. McNeill,* 22 N.C. 297.

Any act by the General County Court of Wilson County to exercise, or to attempt to exercise, jurisdiction over the divorce action here, when plaintiff is domiciled in Pitt County and defendant is domiciled in Nash County, is, in my opinion, a usurpation of authority, and all judicial proceedings in virtue thereof in this case by such General County Court, and by the Superior Court on appeal, are utterly void for lack of jurisdiction.

I vote to remand the action to the Superior Court with a direction that it issue an order commanding the General County Court of Wilson County to dismiss the case from its docket for lack of jurisdiction.

I am authorized to state that *Higgins* and *Moore, JJ.,* join in this dissenting opinion.