## HARRY J. STOKES v. MARGIE P. STOKES

(Filed 18 September 1963.)

**1. Divorce and Alimony § 1—**

The provisions of G.S. 50-3 that summons in a divorce proceeding should be returnable to the county in which either the plaintiff or the defendant resides is not jurisdictional but relates to venue, and in the absence of fraud the Superior Court of any county in North Carolina has jurisdiction of an action for divorce if either of the parties are domiciled in this State.

**2. Divorce and Alimony § 26;   Judgments § 24—**

Where the findings of the court after a full hearing support the court's conclusion that there was no fraud in the procurement of the divorce in question upon substituted service, there being evidence that defendant had eloped with a third person and that plaintiff had made every reasonable effort to locate her so that notice of service could be delivered, etc., judgment denying motion to vacate the divorce decree will be upheld.

**3. Process § 9—**

Where plaintiff's affidavit states that defendant's residence remained unknown after diligent search and inquiry had been made to discover it, the clerk is not required to mail defendant a copy of the notice of service by publication. G.S. 1-99.2(c).

MOORE, J., took no part in the consideration or decision of this case.

APPEAL by defendant from *Burgwyn, E.J.,* January 1963 Session of PAMLICO.

Motion in the cause to set aside the divorce obtained by the plaintiff at the August Term 1958.

In 1952, plaintiff and defendant were married in Beaufort County where they lived together until October 8, 1957. On June 7, 1958, plaintiff instituted this action for an absolute divorce in Martin County. He asked for custody of the two year old child of the marriage. Plaintiff alleged that before and after December 4, 1957, defendant had lived in adultery with one Carl T. Willis, Jr. in Norfolk, Virginia. Summons was served upon the defendant by publication in conformity with statutory requirements. Plaintiff's affidavit, upon which the clerk's order of publication was based, stated that he did not know the whereabouts of the defendant. The case was set for trial as an uncontested divorce action at the August 1958 Term of Martin. Upon motion of the plaintiff after that term was cancelled, the clerk entered an order transferring the action to Pamlico County where, on August 4, 1958, the court granted plaintiff a divorce from defendant and awarded him the custody of their child. On August 6, 1958, plaintiff married Dorothy Arnold Morgan.

On July 13, 1962, the defendant moved the court to set aside the judgment of divorce. She alleged that the plaintiff had purposely instituted this action in Martin County instead of Beaufort County, the residence of the plaintiff and of the defendant's relatives, to prevent her from acquiring notice of the action; that no letter was mailed by the clerk to the last known address of the defendant; and that the court acquired no jurisdiction because of the fraudulent conduct of the plaintiff. Replying to the motion, plaintiff alleged the following facts:

On October 8, 1957, defendant left him and their son to elope with one Carl T. Willis, Jr. Subsequently, plaintiff discovered the defendant and Willis unlawfully cohabiting in Norfolk, Virginia. Six months after this discovery, preparatory to instituting this action, he returned to Norfolk to ascertain defendant's address so that he could have summons served upon her. She had moved from the house in which she and Willis had been living for several months. He made diligent search and inquiry but was unable to ferret out her whereabouts. He instituted this action in Martin County for the single reason that there was no term of Superior Court in Beaufort County during August 1958. After plaintiff secured the divorce, defendant married Willis in Louisiana and a child has been born to them.

Upon the hearing of defendant's motion, there was additional evidence tending to show that between December 4, 1957 and June 7

1958 defendant had lived in five different places, including Louisiana where she married Willis on October 12, 1959.

- Judge Burgwyn found as a fact that there had been no fraud of any kind in the procurement of the divorce. He held that the proceedings were in all respects regular and dismissed defendant's motion. She appealed to this Court.

*LeRoy Scott for plaintiff appellee.*
*Frazier T. Woolard for movant appellant.*

PER CURIAM. In the absence of fraud, the Superior Court of any county in North Caroliona has jurisdiction of an action for divorce if either of the parties is domiciled in this State. The provisions of G.S. 50-3 that in divorce proceedings the summons shall be returnable to the court of the county in which either the plaintiff or defendant resides are not jurisdictional; they relate only to venue. *Denson v. Denson*, 255 N.C. 703, 122 S.E. 2d 507; *Nelms v. Nelms*, 250 N.C. 237, 108 S.E. 2d 529; *Smith v. Smith*, 226 N.C. 506, 39 S.E. 2d 391. However, if a plaintiff should fraudulently conceal his action from the defendant and the whereabouts of the defendant from the court, jurisdiction would be lacking and a divorce obtained upon service of summons by publication would be a nullity. The court's judgment would be vacated upon a motion in the cause. *McLean v. McLean*, 233 N.C. 139, 63 S.E. 2d 138.

Judge Burgwyn, after a full hearing, found no merit in defendant's allegations that plaintiff had procured the divorce by fraud. G.S. 1-99.2(c) did not require the clerk to mail defendant a copy of the notice of service of process by publication when plaintiff's affidavit stated that her residence was unknown and diligent search and inquiry had been made to discover it. The defendant herself treated the divorce as valid when she married Willis in October 1959. This record discloses no reason why the court should invalidate it in 1963.

The judgment of the court below is
Affirmed.

MOORE, J. took no part in the consideration or decision of this case.